## John Desmond *vs.* Isaac T. Babbitt.

Worcester. Oct. 6, 1874. — March 1, 1875. Colt & Morton, JJ., absent.

Under the Gen. Sts. *c.* 11, § 8, the sale and conveyance of land by a collector of taxes for nonpayment of taxes assessed thereon to a former owner, who, at the time of the assessment, had no title to or possession of the land, is invalid and passes no title to the purchaser.

Tort for breaking and entering the plaintiff's close in Fitchburg. Writ dated August 4, 1873. The case came before this court on an appeal by the defendant from a judgment of the Superior Court for the plaintiff, upon the following agreed facts :

Both parties derive their title under Samuel P. Harrington, in whom was the fee of the land on April 1, 1849, and who continued the owner until he conveyed the estate to Francis H. Dewey, by deed of warranty, dated October 21, 1857, and recorded October 22, 1857, under which deed Dewey entered. Dewey conveyed the same to the plaintiff by deed of warranty, dated April 21, 1864, and recorded July 9, 1864. Neither Harrington nor Dewey were, or ever had been, residents of Fitchburg, but both were of the city of Worcester.

The taxes on the land were assessed to Harrington from 1849 to 1862, inclusive, and on May 23, 1863, the premises were sold to the defendant by James M. Woodbury, the collector of taxes, as the property of Harrington, for the nonpayment of a tax assessed in 1862 ; since which time, with the exception of the years 1868, 1869, 1870 and 1871, when the land does not appear to have been taxed to anybody, the taxes have been assessed to and paid by Babbitt.

No taxes were assessed to Dewey, and no notice of the sale was given except by an advertisement, published three weeks successively in a newspaper printed in Fitchburg, and an advertisement posted three weeks before the sale on the premises, and a notice posted in two public places in Fitchburg.

About three years after Desmond took his deed, he was informed and knew of the sale to Babbitt, and he then first knew that the taxes on the land were not assessed to him. In the assessment of taxes, the land has always been described as " Lot 65 on Harrington's plan of lots."

About the time of the commencement of this suit, but previous thereto, the plaintiff tendered to the defendant the amount of the taxes he had paid.  The plaintiff has occupied the lot in question by cultivating the same each year since the date of his deed, except the year 1873, in which year the defendant entered upon the land and cultivated it, and for which this action is brought.

If, upon these facts, the plaintiff is entitled to recover any · thing, he shall recover ten dollars and his costs ; otherwise, the judgment shall be for the defendant.

*G. A. Torrey*, for the plaintiff.

*C. H. B. Snow*, for the defendant.

AMES, J.  At the time when the tax was assessed upon this lot of land, Harrington was neither the owner nor in possession of it.  It was, therefore, an error to tax him for it.  Gen. Sts. *c.* 11, § 8.  *Sargent* v. *Bean*, 7 Gray, 125.  *Rossire* v. *Boston*, 4 Allen, 57.  It is true that he had been the owner up to a point of time about four and a half years preceding that time, and no direct notice had been given to the assessors that his interest in the property had come to an end.  But under the statutes now in force, there is no doubt that in cases where there is no person in apparent occupation of a lot of land, it is the duty of the assessors to make inquiry as to its ownership.  If, with reasonable diligence, they cannot obtain trustworthy information, they would be justified in taxing it as the property of an unknown proprietor ; but they would not thereby acquire the right to tax it to a person, by name, who was neither owner nor occupant.

It is true that in *Alvord* v. *Collin*, 20 Pick. 418, it was decided that, where in an assessment upon unimproved land of a non-resident owner, the land was by mistake set against the name of a former owner, the tax was legally assessed.  But the question in that case arose under the St. of 1785, *c.* 50, which did not require non-resident owners of unimproved lands to be named in the assessment.  In that respect, the law was changed by the Rev. Sts. *c.* 7, § 7, the provisions of which have been reënacted in the Gen. Sts. *c.* 11, § 8.

The assessment to Harrington was therefore invalid, and no title passed by the collector's deed to the defendant.  According to the agreement, there must be      *Judgment for the plaintiff.*