ARTHUR A. SMITH & others *vs.* HANNAH M. CARNEY.

Suffolk.   March 4. — July 24, 1879.   MORTON & ENDICOTT, JJ., absent.

The disability of an infant to sue can be taken advantage of by plea in abatement only, and is not open to objection in a case submitted on an agreed statement of facts, unless specially reserved.

An assessment of betterments upon an estate, under the St. of 1871, *c.* 382, is valid, although made to a person who is neither the owner nor occupant of the estate.

If A. conveys to B. one undivided fourth part of an estate with a covenant against incumbrances, and, as guardian of his minor child, conveys to B. the remaining three fourth parts without such covenant, and B. is compelled to pay an assessment of betterments laid upon the whole estate, which became an incumbrance before the conveyances, B. is entitled to recover of A., in an action on the covenant, one fourth only of the amount so paid.

CONTRACT for breach of the covenants in a deed of land from the defendant to the plaintiffs.   Answer, a general denial.   The case was submitted to the Superior Court, on an agreed statement of facts, which, after stating that the pleadings might be referred to, was in substance as follows :

The defendant, by warranty deed dated December 15, 1873, conveyed to the plaintiffs " one undivided fourth part " of an estate situated on the corner of Pearl Street and Sturgis (now Franklin) Street, in Boston, which deed contained a covenant that " the granted premises are free from all incumbrances." In the deed, Ella F. Smith, Charlotte L. Smith and Joseph M. Smith, three of the plaintiffs, were described as minors, and they are still minors.   The defendant, as guardian of her minor child, Mary F. Carney, under the authority of an order of the Probate Court, by deed dated December 15, 1873, simultaneously with the execution of the above deed, conveyed to the plaintiffs the remaining " three undivided fourth parts " of the same estate, without any covenant, except that, as guardian, she had given the bond required by that court.   On February 25, 1875, the board of street commissioners assessed to " Benjamin F. Brooks and others, trustees," on estate " Pearl, cor. Franklin," a betterment of $150, under the widening of Congress Street.   On January 30, 1875, said board assessed to " Joseph Comer, trustee," on estate corner " Franklin and Pearl," a betterment of $400, under the widening and extension of Franklin Street.   On February 18, 1875, said board assessed to " B. F. Brooks and others,

trustees," on estate " Pearl, cor. Franklin," a betterment of $150, under the widening and extension of Pearl Street. These assessments were upon the estate in question. The several orders of the board of street commissioners for these widenings were all passed on February 27, 1873, and were duly concurred in by the city council and approved by the mayor. Prior to the passage of the above orders for widening, orders of notice of said widening, and of assessments to be made for betterments thereon, were published in certain Boston daily papers, but none of these publications ever came to the notice of the defendant, and no service, personal or otherwise, of any of the orders was made upon the defendant, or upon any of the parties to whom the assessments for betterments were made, nor did they know of the same. At the time the orders for widening were passed, the defendant was the owner of one undivided fourth part of the estate described in her deed to the plaintiffs, and her minor child was the owner of the remaining undivided three fourth parts thereof, and none of the parties to whom the assessments were made were then or ever the owners or in possession of the estate. The plaintiffs, after the delivery of the deed from the defendant to them, were compelled to pay the above assessments, amounting in all, with interest, to $764.98, which sum, with interest thereon, they seek to recover in this action.

If, upon the above facts, the action could be maintained, judgment was to be entered for the plaintiffs for $191.25, with interest, or for $764.98, with interest, these sums being respectively one fourth and the whole of the assessments paid by the plaintiffs.

The Superior Court ordered judgment for the larger sum and interest; and the defendant appealed to this court.

*J. H. Young*, for the plaintiffs.

*B. L. M. Tower*, for the defendant.

SOULE, J. Disability of a plaintiff to sue does not go to the merits of an action, and can be taken advantage of, in pleading, only by plea in abatement. After answer to the merits, proof of the disability at the trial will not avail the defendant. *Hayden* v. *Attleborough*, 7 Gray, 338. *Jaha* v. *Belleg*, 105 Mass. 208. Objections to the form of the action or to the pleadings are not open in a case submitted on an agreed statement of facts, unless

specially reserved. Such submission waives all technical objections, and raises only the question whether the plaintiff can recover in any form of action, though the pleadings are referred to. *Kimball* v. *Preston*, 2 Gray, 567. *Cushing* v. *Kenfield*, 5 Allen, 307. *West Roxbury* v. *Minot*, 114 Mass. 546. When a case is thus submitted, the plaintiff may amend his writ or declaration in any way necessary to put his case in proper form to support the judgment to which the facts entitle him. *Merrill* v. *Bullock*, 105 Mass. 486. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267. The irregularity in prosecuting this action by the infant plaintiffs in their own names, and without the intervention of a *prochein ami*, could have been amended if it had been pleaded in abatement; *Blood* v. *Harrington*, 8 Pick. 552; and must therefore be regarded as waived by the defendant. It would undoubtedly be more regular that any judgment for the plaintiffs should be rendered in their favor as suing by a next friend, and they ought, before judgment is entered, to obtain leave in the Superior Court to amend their writ accordingly.

The St. of 1871, *c.* 382, under which the betterment was assessed on the estate, provides, in § 6, that all assessments made under it shall constitute a lien on the real estate so assessed, to be enforced in the same manner, and with the like charges for cost and interest, as provided by law for the collection of taxes. It is contended by the defendant, that by the force of this provision an assessment of betterment is void, if, in addition to being made on the proper estate, it is made to one who is neither owner nor occupant of the estate. This would be so if the statute required the assessment to be made to the owner or occupant. *Desmond* v. *Babbitt*, 117 Mass. 233. But it was held in the case of *Alvord* v. *Collin*, 20 Pick. 418, that, where an assessment on unimproved land of a non-resident was made to a former owner, the tax was legally assessed; the question arising under the St. of 1785, *c.* 50, which did not require non-resident owners to be named in the assessment. The distinction between that case and one arising under the Gen. Sts. *c.* 11, § 8, is pointed out in the opinion of the court in *Desmond* v. *Babbitt, ubi supra.* The clause of the St. of 1871, relating to the manner of enforcing the lien created by the assessment of betterment, refers only to proceedings subsequent to the assessment, and has nothing to do

with the making of it. The assessment on the land of which the defendant owned one undivided fourth part was, therefore, properly made, and constituted a lien on the land. That such lien became an incumbrance from the time of passing the order to widen the street, is settled. *Blackie* v. *Hudson*, 117 Mass. 181. *Carr* v. *Dooley*, 119 Mass. 294. There has been, therefore, a breach of the covenant against incumbrances, for which this action may be maintained. It remains to be considered what amount of damages the plaintiffs are entitled to.

The general rule is, that the covenantee who has removed the incumbrance may recover the reasonable expense of doing so, not exceeding the value of the estate. *Norton* v. *Babcock*, 2 Met. 510. *Harrington* v. *Murphy*, 109 Mass. 299. *Johnson* v. *Collins*, 116 Mass. 392. If he has not removed it, or has removed it without expense, he is entitled to nominal damages only. *Prescott* v. *Trueman*, 4 Mass. 627. *Tufts* v. *Adams*, 8 Pick. 547. The amount which he may recover is the fair and reasonable amount expended in good faith. *Farnum* v. *Peterson*, 111 Mass. 148. It must be understood to be a price just and reasonable as against the covenantor, and not exceeding what he would have been bound to pay. *Norton* v. *Babcock, ubi supra.* The assessment was a lien on the whole land. The defendant conveyed one undivided fourth part, with covenant against incumbrances. The plaintiffs bought the other three fourth parts, subject to the incumbrance, and by deed without the covenant. They stand toward the defendant, therefore, as if they had been her cotenants when the incumbrance was put upon the land. If she had removed it, they could have been compelled to pay her three fourths of the amount paid in so doing. If they had removed it, they could have recovered one fourth of the expense from her. *Dickinson* v. *Williams*, 11 Cush. 258. The incumbrance, when the defendant conveyed, was, as between her and her cotenants, one fourth of the assessment; because, though it was an incumbrance on the whole and on every part of the land, she would have had an action against them for what she paid in excess of her proportion of the whole. The plaintiffs cannot, therefore, be regarded as having paid the whole assessment for the purpose of removing the incumbrance from the one fourth of the land which the defendant owned in common with them. Such pay-

ment would not be in good faith, would not be reasonable toward her as the covenantor, would be more than, as between her and the plaintiffs, as her cotenants, she would have been obliged to pay. To hold otherwise would be doing not so much injustice in dollars and cents, but precisely the same injustice in principle, as to hold that the plaintiffs paid the whole amount to remove the incumbrance from the three fourths of the land which the defendant did not convey to them.

We think, therefore, that it was error in the Superior Court to order judgment for the whole amount of the assessment; and, according to the terms of the agreement, judgment must be entered for the sum of $191.25, and interest from the date of the writ.           *Judgment for the plaintiffs accordingly.*