FRANK E. STONE *vs.* NEW ENGLAND BOX COMPANY.

Franklin. September 16, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Tax,* Assessment, Tax deed. *Deed,* Acceptance. *Trespass,* To real estate. *Wild Land.*

Where a father, acting as the agent of his son, buys and pays for certain land and takes a deed of it made to his son as grantee, and holds the deed for the sole benefit of his son but without the son's knowledge until his own death ten years later, the father during the ten years is not the " owner " of the land to whom a tax can be assessed within the meaning of Pub. Sts. c. 11, § 13, incorporated in substance in R. L. c. 12, § 15; and a tax deed given in pursuance of a sale for the non-payment of a tax so assessed is void.

Where a father, acting as the agent of his son, takes a deed of land made to his son as grantee, and holds it for the sole benefit of his son but without the son's knowledge until the father dies more than ten years later, an acceptance of the deed by the son after his father's death, where there are no intervening equities, relates back to the delivery of the deed to the father as agent and makes it a delivery to the son at that date.

In an action for trespasses in entering a tract of woodland alleged to belong to the plaintiff and to have been in his possession at the times of the alleged acts of the defendant, where it appeared that the plaintiff held the record title to the land and there also was evidence that the plaintiff frequently went upon the land and looked after the bounds, it was *held,* that a finding was warranted that at the time of the trespasses the plaintiff not only had the possession of the land which constructively followed his title but also had actual possession so far as there could be such possession of wild land.

TORT, for a series of trespasses from April 1, 1911, to September 1, 1912, upon a tract of woodland in the town of Wendell alleged to belong to the plaintiff. Writ dated September 30, 1912.

In the Superior Court the case was tried before *Quinn,* J., without a jury. The plaintiff was the son of Edwin Stone of Orange. Edwin Stone bought the lot and paid for it. The deed named the plaintiff as grantee and was delivered to Edwin Stone, who retained it among his papers until his death. The plaintiff did not know of its existence until he found it among his father's effects after his father's death, which occurred on February 8, 1894. The plaintiff testified that previous to 1883 he

had asked his father to buy for him not to exceed ten sprout lots, but that the one in question and another one described in the same deed were the only ones purchased by Edwin Stone in which his name was inserted as grantee. The plaintiff was more than twenty-one years of age at the time of this purchase in 1883, and lived in Orange where he had been a resident ever since.

The defendant claimed to be the owner of the land under a tax deed from the collector of taxes of the town of Wendell, given under a sale on March 12, 1886, for non-payment of taxes for the year 1884 assessed to Edwin Stone as "owner" of the land.

Other material evidence is described in the opinion.

At the close of the evidence, the defendant asked the judge to make the following rulings, besides others which were made by the judge or became immaterial:

"3. That Edwin Stone was the person liable for the taxes upon this property in the year 1884.

"4. That at the time of this assessment of taxes upon him in 1884, Edwin Stone was the owner of the property in question under the meaning of Pub. Sts. c. 11, § 13."

"7. That the tax sale to the inhabitants of Wendell in the year 1886 bars the plaintiff from maintaining this action.

"8. That at the time of the alleged trespass the plaintiff had no right, title, or interest in the property in question upon which he could maintain trespass."

The judge refused to make any of these rulings. He found that Abbie B. Clark and Rufus L. Chase, executors, who were the grantors in the deed dated November 15, 1883, under which the plaintiff claimed, parted with all control of that deed; "that there was a delivery of said deed to the plaintiff's father for the benefit of the plaintiff and that the plaintiff has accepted the same." The judge found for the plaintiff in the sum of $1,300; and the defendant alleged exceptions.

*H. H. Flower & A. D. Flower,* for the defendant.

*J. A. Stiles,* for the plaintiff.

DE COURCY, J. This is an action of tort for a series of trespasses upon a wood lot described in the plaintiff's declaration, and for cutting off the soft wood and timber growing thereon. The plaintiff claimed title to and possession of the premises under a deed to him dated November 15, 1883, from the duly authorized execu-

tors of the will of Andrew J. Clark, the former owner, who died on October 14, 1882. Until the date of the plaintiff's deed the property was taxed to Andrew J. Clark, and subsequently, until 1894, to Edwin Stone, as "owner." It was sold to the town of Wendell for the non-payment of the tax so assessed for the year 1884; and the defendant relies on the validity of that tax sale. The main question in the case is whether the assessment to Edwin Stone as owner, under which the sale was made, was valid.

It was provided by the statute in force at the date of the assessment that this real estate should be assessed "to the person who is either the owner or in possession thereof on the first of May." Pub. Sts. c. 11, § 13. The assessors could not lawfully assess the property in any other way than that which the law prescribed; and for a valid sale of the property for non-payment of taxes a strict compliance with the statutory requirements was essential. *Charland* v. *Home for Aged Women,* 204 Mass. 563, and cases cited. Admittedly, unless Edwin Stone was either the owner or in possession on the first day of May, 1884, the sale of the property in question to the town of Wendell was invalid.

There was no evidence that Edwin Stone was "in possession" of the property in 1884 or at any other time. *Kerslake* v. *Cummings,* 180 Mass. 65. Indeed it is apparent from the assessment list and the recitals in the collector's deed that the assessors meant to assess him as owner and not as occupant. And we are of opinion that the trial judge rightly refused to rule that Edwin Stone was the legal owner of the premises within the meaning of Pub. Sts. c. 11, § 13. *Worcester* v. *Boston,* 179 Mass. 41. The grantee in the deed from Clark's executors was not Edwin, but his son Frank E. Stone, the plaintiff. Although the deed was delivered to Edwin Stone and retained by him until his death in 1894, there was evidence from which the judge could find that in the transaction Edwin was acting as the authorized agent of the plaintiff and at his request; and it is expressly found that "there was a delivery of said deed to the plaintiff's father for the benefit of the plaintiff and that the plaintiff has accepted the same." This is not the case of a man making another his grantee without his consent. *Hedge* v. *Drew,* 12 Pick. 141. The facts would not warrant a finding that Edwin ever had an equitable interest in the property, as no resulting trust existed. *Whitten* v. *Whitten,* 3 Cush. 191. *Edgerly*

v. *Edgerly*, 112 Mass. 175. In no sense could he be considered as the owner of the premises in question for the purposes of taxation.

It is urged that as the property was unimproved woodland of a non-resident the tax may be sustained as one upon the land itself and the naming of the owner be regarded as immaterial. The case of *Alvord* v. *Collins*, 20 Pick. 418, is relied on as authority. But that case arose under the St. of 1785, c. 50, which did not require non-resident owners of unimproved lands to be named in the assessment, as was pointed out in *Desmond* v. *Babbitt*, 117 Mass. 233.

In assessing the property as they did the assessors seem to have been misled by a plan of the premises in question and nearby territory, prepared by a surveyor about thirty years ago, on which appeared the words "sold to Edwin Stone." The owners of record were the devisees of Andrew J. Clark, as shown by the records in the registry of deeds and in the Probate Court, and the land might have been assessed to them under Pub. Sts. c. 11, § 13. Or, if the assessors were unable to learn by reasonable inquiry who was the owner, it might have been taxed as the property of an unknown proprietor. *Desmond* v. *Babbitt, ubi supra.* But they could not legally assess it to a person by name, who was neither owner nor occupant; and the tax sale based on such an assessment, from which the defendant derives its rights, was invalid.

The defendant entered and cut off the timber standing on the premises in 1911–1912. The judge was justified in finding that the plaintiff then had such possession as would entitle him to maintain trespass for the acts of the defendant. As already stated, Edwin Stone received the deed in 1883 for the benefit of his son, the plaintiff. Assuming that the title did not vest in the plaintiff at that time, nevertheless, when he actually accepted the deed in 1894, after his father's death, the title thereby perfected related back to the first delivery. *Foster* v. *Mansfield*, 3 Met. 412. *Stockwell* v. *Shalit*, 204 Mass. 270. There were no intervening equities between the delivery in 1883 and the acceptance in 1894; and nothing interfered with the title conveyed by the deed to the plaintiff except the invalid tax sale and deed. There was ample evidence that at the time of the trespasses the plaintiff had not only the possession that constructively followed the title, — *Russell* v. *Coffin*, 8 Pick. 143; *Farwell* v. *Rogers*, 99 Mass. 33, — but actual possession, so far as it can be predicated of wild land,

by frequently going upon it and looking after the bounds. It is not argued that there was any ouster or disseisin of the plaintiff, nor did the acts of the defendant under its deed purport to deal with the freehold. And there was no such continuous occupation and possession by the defendant's predecessors as would oust the plaintiff's possession or prevent him on his re-entry from recovering for the original entry and all intermediate damages. *Proprietors of Kennebeck Purchase* v. *Call*, 1 Mass. 483. *Emerson* v. *Thompson*, 2 Pick. 473. We find no error in the refusal of the judge to rule as requested by the defendant; and the entry must be

*Exceptions overruled.*