J. L. HAMMETT COMPANY *vs.* ALFRED PEATS COMPANY.

Suffolk.   March 6, 1914. — May 20, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Contract*, Construction.   *Tax*, Assessment.

Where, by the provisions of a lease of real estate, the lessee was to pay all taxes assessed thereon, and the lessee on April 5, 1905, sublet the premises to one who agreed to carry out his obligations to the lessor and to "assume the taxes for the year 1905, adjusted 'as of' July 1, 1905," the sublessee must pay five sixths of the tax assessed upon the premises on May 1, 1905, the year referred to being the year of tax assessment and not the calendar year.

CONTRACT for five sixths of the taxes assessed upon certain premises on Summer Street in Boston on May 1, 1905, the declaration alleging that the defendant, as sublessee of the premises, on April 5, 1905, agreed with the plaintiff, the lessee, to carry out all his obligations under the provisions of his lease from the owner, one of which was to pay all taxes assessed upon the premises, the plaintiff and the defendant further agreeing that the taxes "should be determined and apportioned as of July 1, 1905." Writ dated November 23, 1909.

It appeared that on April 10, 1907, the defendant had tendered to the plaintiff $1,419.45, which it computed to be one half of the tax assessed for 1905 and costs and interest, contending that that was the extent of its liability.

The case was heard without a jury by *Ratigan*, J., who ruled that the defendant should have paid five sixths of the assessed tax, found for the plaintiff in the sum of $1,341.06, and reported the case to this court for determination.

*T. H. Tyndale*, for the defendant.

*R. O. Harris*, (*H. V. Cunningham* with him,) for the plaintiff.

BRALEY, J.   The plaintiff covenanted in the original lease to pay the taxes during the term, and the defendant as sublessee, having succeeded to this obligation under an agreement made on May 6, 1905, that he "would assume the taxes for the year 1905, adjusted 'as of' July 1, 1905," contends that his liability embraces only a period of six, instead of ten months, as the taxes should be

apportioned as though levied for a calendar year computed from January 1, 1905.   It is true ordinarily, that when the period of a year is named in common speech or in a statute, a calendar year is intended. R. L. c. 8, § 5, cl. 11. *United States* v. *Dickson,* 15 Pet. 141.   But this signification must yield where the term is to be defined in connection with the subject matter and context of either a statute or a contract.   *Paris* v. *Hiram,* 12 Mass. 262.   *Brown* v. *Anderson,* 77 Cal. 236.   *Thornton* v. *Boyd,* 25 Miss. 598.   The intention of the parties having been clearly expressed, the measure of the defendant's liability is to be ascertained from the construction of the statutes relating to our system of taxation in force at the date of the agreement.   By the R. L. c. 11, § 334, towns are required to elect at the annual town meeting three or more assessors "who shall serve during the year," unless the provisions of § 339 have been adopted fixing the term at three years, and so regulating the tenure that only one member of the board is elected at the annual meeting.   See St. 1785, c. 50, § 1; c. 75, § 10.   The assessors in cities are appointed or elected in accordance with the provisions of the various charters.   The date of election or of appointment, which should be followed by the oath of qualification before entering upon the duties of the office, ordinarily marks the beginning of the prospective term.   But whether the term is limited to one year or more for the entire membership or whether only one member is elected or appointed annually, the assessors as a board of public officers are required by R. L. c. 12, § 35, to assess "according to the provisions of this chapter, State taxes for which they receive such warrants, county taxes duly certified to them, city or town taxes voted by their respective cities or towns and all taxes duly voted and certified by fire and other districts therein."   And their annual return to the tax commissioner of corporate property with the value thereof, and the amount of taxes levied required by § 93, as amended by St. 1904, c. 181, is also to contain, "the amount of taxes laid, or voted to be laid, within said city or town, for the then current year, for State, county and town purposes."   See also Sts. 1904, c. 442; 1911, c. 478, § 3.

When does the current year or tax year begin?   It is within the power of the Legislature in the absence of any constitutional restriction to require property to be assessed annually or oftener

for the purposes of general taxation, and by § 23, and § 15, as amended by the St. of 1902, c. 113, May 1 in each year* is fixed as the date for the valuation of the property of persons, firms and corporations liable to local taxation. *Thurston* v. *Little,* 3 Mass. 429, 432. *Thayer* v. *Stearns,* 1 Pick. 482. *Nason* v. *Whitney,* 1 Pick. 140. *Inglee* v. *Bosworth,* 5 Pick. 498, 502. *Lane County* v. *Oregon,* 7 Wall. 71. Cooley on Taxation, (3d ed.) 593. The questions of ownership or of exemption, or of occupancy or of non-residence, all relate to the date when the status of the property is ascertained for the current year. And if the assessment is not levied on the person who is either the owner or in possession, the tax is void. R. L. c. 12, §§ 15, 23. *Richardson* v. *Boston,* 148 Mass. 508, 512. *Desmond* v. *Babbitt,* 117 Mass. 233. *Tobin* v. *Gillespie,* 152 Mass. 219, 221. The assessment, of course, may be made at a later date, but it must be levied upon the person who was the owner or occupant on May first, and it is immaterial if in the meantime the property has been alienated. *Kearns* v. *Cunniff,* 138 Mass. 434. A definite date not only is fixed in each year for the ascertainment of domicil and for the valuation and assessment of taxable estates, but by R. L. c. 13, § 35, taxes assessed on land with all incidental charges and fees of the collector are a "lien thereon from the first day of May in the year of assessment" for the period of two years from the first day of October in "said year" if the estate in the meantime has been alienated, but if not alienated the lien attaches until alienation occurs. *Abbott* v. *Frost,* 185 Mass. 398. It is moreover manifest, that each board of assessors is charged with the duties prescribed which cannot be performed by their predecessors, and cannot arise until the date named for performance. Besides, the power when properly exercised is exhausted for the period which then begins to run, and the taxpayer is not again liable to the general levy, until the following statutory date of assessment matures. It was so presumed in *Preble* v. *Baldwin,* 6 Cush. 549, where the defendant and grantee as part of the consideration for the conveyance agreed to pay taxes thereafter to be assessed on the land as of the first day of the previous May. In *Wilkinson* v. *Libbey,* 1 Allen, 375, the lessee having covenanted

---

* Now by St. 1909, c. 440, made April 1.

to pay all taxes and assessments "whether in the nature of taxes now in being or not," it was decided that under the covenant the lessee was liable for taxes duly assessed on the first day of May during the two years in dispute, even if the tax for the second year did not become payable during the term, because taxes in Boston were not payable until the first of November in each year. The tax in law, said the court in *Amory* v. *Melvin,* 112 Mass. 83, relates back to the first of May when the assessment is completed, and the tax is regarded as assessed on that day, although in fact the assessors did not fix the rate of taxation until August of that year, and accordingly the lessees were held liable on their covenant for the taxes assessed during the term. The tenant for life in *Holmes* v. *Taber,* 9 Allen, 246, died on May 22, yet the entire tax was held to be chargeable to income as the period of time for taxation was the first of May in each year.

We are therefore of opinion that for the purposes of taxation the year follows the date of assessment prescribed by the statute, and terminates at the next annual period, when a different valuation may be made with a different rate of taxation.

The presiding judge correctly ruled, that in the apportionment of the rent the defendant was liable for ten months, and the plaintiff under the reservation in the report is to have judgment in the sum of $1,341.06.

*So ordered.*