## PETER J. McDONOUGH *vs.* JOHN EVERETT.

Norfolk.   November 11, 1920. — February 3, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Tax,* Validity of tax title, Assessment. *Evidence,* Presumptions and burden of proof, Competency, Relevancy and materiality. *Limitations, Statute of.* *Adverse Possession.*

At the trial of a petition for the registration of the title to certain land, where the respondent claims title under tax deeds which were given to him at a sale by the tax collector more than twenty years before, evidence as to the assessments, tax lists and advertisements of sale, which formed the basis of the tax sales, are admissible to prove the sales invalid, the presumption, founded upon the lapse of time, of the performance of every fact essential to the validity of the tax deeds, being a presumption of fact which is not conclusive but may be rebutted.

An assessment of land to owners unknown is not legal if the assessor by reasonable diligence can learn who is the owner in fact, the owner of record, or the person in actual possession of the land.

A description of a lot of land in an advertisement of a tax sale as "about 9,000 feet of land on E Avenue being parts of lots 53 and 54" on a certain plan, without further designation of boundaries or divisional proportions, is invalid because not sufficiently definite.

Where a description of land in an advertisement of a tax sale was, "lot number 6 on a plan of the Endicott Land Company's land recorded . . . [giving the record notation for the plan in the registry of deeds]" the advertisement is not invalid merely because the name of the land company was Elmwood instead of Endicott, especially where it appears that the district where the land was situated was locally known as Endicott and that the Endicott Land Company had succeeded the Elmwood Land Company.

An assessment "Name, 'Briggs, George M., Marion, Mass.' Description 'Parts of Lots 53 and 54 Elmwood,' area feet '9,000.' Value '200.' Aggregate value '200.' Tax '3.20.' Total tax '3.20'" is not invalid for indefiniteness of description.

At the hearing of a petition filed in 1919 for the registration of the title to land, a respondent claimed title under tax deeds received by him and recorded more than twenty years before and also by adverse possession and it appeared that, at the time of the assessments of the land for the tax under which the sales were made, the owners were non-residents and had continued to be so during the entire period of the alleged adverse possession by the respondent, that at the time of the sales the land was pasture land and woodland and had remained unimproved, with much of the original timber cut or burned, the pasturage run out and the land grown up to sprout land with occasional patches of large trees and open spaces, resorted to freely by people in the neighborhood for the cutting of wood; that there had been no continuous possession by the respondent

and none whatever by the petitioner or his predecessor in title, that, immediately upon receiving his tax deed, the respondent made formal entry, placed "no-trespassing signs" on the lots, planted trees which were killed by browsing cattle within two years, planted blackberry bushes purchased for that purpose, from which he and other people subsequently picked blackberries, and also occasionally went upon the land with persons to whom he offered it for sale. *Held,* that a finding was warranted that the acts of ownership by the respondent were but casual and were not sufficient to establish a title by adverse possession.

PETITION, filed in the Land Court on March 17, 1919, for the registration of the title to three parcels of land in Dedham. The respondent claims title to the parcels under tax deeds and also through adverse possession.

In the Land Court, the petition was referred to a master. Material findings of the master are described in the opinion.

The petitioner filed the following exceptions to the master's report:

"1. The petitioner excepts to the failure of the master to rule as requested that the assessment in the tax for the year 1892 as appears upon the assessors' list [see second footnote, page 382] was invalid for indefiniteness of description. . . .

"2. The petitioner excepts to the failure of the master to rule as requested that the burden of proof to show that assessment to 'owners unknown' is valid upon the holder of the tax title. . . .

"3. The petitioner excepts to the failure of the master to rule as requested that the assessment is invalid by reason of indefiniteness of description in valuation assessment list. . . ."

The respondent filed the following exceptions to the master's report:

"1. He excepts to the admission as evidence of the assessment for the year 1892 of the nine thousand foot parcel as set out on page 3 of the report for the purpose for which it is used.

"2. He also excepts to the admission as evidence of the assessments for the year 1896 . . . for the purposes for which they were used.

"3. He also excepts to the admission of the tax list . . . for the purpose for which it was used.

"4. He also excepts to the master's statement 'but an assessment to owners unknown is no notice to the real owner.'

"5. He also excepts to the statement of the master 'I think the

law requires of the assessors some activity, a positive diligence in the conduct of their offices.'

"6. He also excepts to the ruling that the assessment to owners unknown is invalid.

"7. He also excepts to the ruling that upon the above facts the assessment to owners unknown is invalid.

"8. He also excepts to the refusal of the master to rule that the burden of proof to show that an assessment to owners unknown is valid is not upon the holder of the tax title.

"9. He also excepts to the admission as evidence of any and all the advertisements of sale of any of said lots for the purpose for which it was used.

"10. He also excepts to the ruling that any of the advertisements of sale are invalid by reason of a misdescription of the property.

"11. He also excepts to the refusal of the master to rule that the petition for registration of either of the parcels of land . . . cannot be maintained. . . ."

The petition was heard by *Davis,* J., upon the master's report, and he filed a decree confirming the report, except in particulars described in the opinion, and directing a decree registering the petitioner's title. The respondent appealed.

*J. Everett, pro se.*

*A. W. Eldredge,* for the petitioner.

PIERCE, J. This is a petition to register the title to three parcels of land in the town of Dedham, all being parts of land shown on the plan entitled "Plan No. 1 of Building Lots Belonging to the Elmwood Land Co., May 6, 1871, William A. Garbett Surv. . . . recorded with Norfolk Deeds in Book of Plans No. 6, plan 202, or which is the same thing as Plan No. 202 on file." The respondent claims title to these parcels under three several tax deeds, one dated January 26, 1892, recorded with Norfolk Deeds, Book 687, Page 503, one other dated January 28, 1897, recorded with said Deeds, Book 778, Page 13 and the other dated January 28, 1897, recorded with said Deeds, Book 778, Page 20. The respondent also claims titles to these parcels by adverse possession.

The case was referred under R. L. c. 128, § 35, to a master who made a report on the issue of the validity of the tax titles. To this report eleven exceptions were taken by the respondent and

three by the petitioner. After a hearing on the report and a re-hearing on the question of adverse possession, the judge of the Land Court overruled the respondent's exceptions to the master's report numbered 1, 2, 3 and 9.

These exceptions are to the admission in evidence of the assessments, tax lists and advertisements of sale, the respondent contending that the owner's remedy was barred. The ruling was plainly right; the lapse of time established presumptively, not conclusively, the performance of every fact essential to the validity of the tax deeds. St. 1911, c. 370. St. 1915, c. 237, § 1. *Blossom* v. *Cannon*, 14 Mass. 177. *Commonwealth* v. *Carr*, 143 Mass. 84, 88.

The judge also overruled the exceptions of the respondent to the master's report numbered 4, 5, 6 and 7, in regard to the statements of the master as to the assessments of the lots on Munroe Street and Madison Street to owners unknown, and to his finding that the assessments and consequently the tax titles based thereon, were invalid. The ruling of the judge was right. Legally land cannot be assessed to owners unknown if the assessor by reasonable diligence can learn who is the owner in fact, the owner of record, or the person in actual possession of the land to be taxed. Pub. Sts. c. 11, § 13. R. L. c. 12, § 15. *Desmond* v. *Babbitt*, 117 Mass. 233. *Hough* v. *North Adams*, 196 Mass. 290. *Stone* v. *New England Box Co.* 216 Mass. 8, 11. *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520, 522. In the case at bar the assessors knew that the lots were a part of the Elmwood Land Company property and described the several parcels as lots on the Elmwood Land Company's recorded plan. A search of the records would have disclosed quickly and readily that the record title to these lots was in Cole and Towle. It follows that the assessment to owners unknown was invalid, and that the tax sale based thereon was void. *J. L. Hammett Co.* v. *Alfred Peats Co. supra.*

The respondent's tenth exception is to the ruling of the master "that any of the advertisements of sale are invalid by reason of a misdescription of the property." The advertisement of sale of the Elmwood Avenue lot was published as follows:

"George M. Briggs about 9,000 feet of land on Elmwood Avenue being parts of lots 53 and 54 on plan of the Elmwood Land Com-

pany's land recorded with Norfolk Deeds as Plan No. 202 on file. Tax 3.20."

The exception was properly overruled; the description of the land was not sufficiently definite to enable those who attended the sale as prospective purchasers to identify the premises. *Williams* v. *Bowers,* 197 Mass. 565, 567. *Conners* v. *Lowell,* 209 Mass. 111, 120.

The advertisement of the sale of lots 6 and 84 was as follows: "Owners unknown about 12272 feet of land on Munroe Street, being lot number 6 on a plan of the Endicott Land Company's land recorded with Norfolk Deeds as Plan No. 202 on file. Tax $9.84." Also "Owners unknown about 12,000 feet of land on Madison Street being lot number 84 on plan last above named. Tax $6.56."

The judge overruled the exception of the respondent as to the finding of the master in regard to the Elmwood Avenue lot, and sustained it as to the other two lots.* The error in the name of the land company did not make the description misleading or uncertain. *Welsh* v. *Briggs,* 204 Mass. 540, 552.

The petitioner's first exception should be overruled. The assessment there referred to was sufficiently definite for the information of the parties interested.† *Roberts* v. *Welsh,* 192 Mass. 278. *Welch* v. *Haley,* 224 Mass. 261.

The petitioner's third exception should be sustained; an assessment of these lots to owners unknown could convey no information in the case at bar to the owner of record.

It results that the decision confirming the master's report ex-

---

* The judge's ruling as to the last two descriptions was as follows: "The master found these notices misleading and the sale invalid by reason of misdescription of the property because the plan referred to was plan of the Endicott Land Company land instead of plan of the Elmwood Land Company land. The place and number of the plan as recorded was properly given, however, the district was locally known as Endicott, and the Endicott Land Company had succeeded to the Elmwood Land Company. I do not think that the error in the name of the Land Company on this plan renders the description misleading or uncertain."

† The assessment was as follows: "Name, 'Briggs, George M., Marion, Mass.' Description 'Parts of Lots 53 and 54 Elmwood,' area feet '9,000.' Value '200.' Aggregate value '200.' Tax '3.20.' Total tax '3.20.'"

cept as modified was right, as was the decision that all the tax titles of the respondent are invalid.

Upon the issue of title by adverse possession, the judge found against the respondent. The essential facts are shown in part by the report of the master and in part in the decision of the court. In substance they are as follows: The owners of these parcels of land at the time of the several assessments and several sales were non-residents; and thereafter they continued to be non-residents, so far as the record discloses, during the entire period covered by the alleged adverse holding of the respondent. The lots in question at the time of the tax sales were pasture land and woodland, and have remained unimproved land. Much of the original heavy timber upon them has been cut or burned. The pasturage has run out, and the lots have grown up to sprout land with occasional patches of large trees and open spaces. Poor people and others in the neighborhood have freely cut wood from the lots other than the Munroe Street lot. When the parcels were sold Elmwood Avenue, Madison Street and Munroe Street existed only on paper. There has been no continuous physical occupation of the lots by the respondent, and none whatever by the petitioner or his predecessor in title. The respondent, immediately after receiving his tax deeds, in 1892 and in 1896, entered upon the respective tracts described therein for the purpose of taking possession thereof, put up no-trespassing signs, and planted on each lot two linden trees and two fruit trees together with some blackberry bushes, all of which he purchased for that purpose. How long the no-trespassing sign remained does not appear. The trees were killed within two years by cattle browsing on them. The respondent picked blackberries on the lots and so have other people. The respondent has also at times gone upon the lots with people to whom he offered them for sale. Taxes have been paid by the respondent upon all of the lots since he bought them at the respective tax sales, and he has also paid betterment assessments on the Elmwood Avenue and on the Munroe Street lots. No taxes have been paid by the petitioner or his predecessors in title.

Title to land claimed to have been acquired by an adverse possession continued for a statutory period of limitation rests upon a seisin of that land, an actual physical possession of it

under a continuous claim of title or rignt, which is known to the real owner, or is so open, notorious, continuous and visible as to warrant the inference that the owner must or should have known of the claim of the possessor. That is, it is incumbent on the person claiming such title to show an actual disseisin of the real owner, so as to turn his estate into a right of action; and it is not sufficient to show such acts as the owner might elect to consider as a disseisin for the sake of the remedy. "To constitute an ouster of him who was seised, the disseisor must have the actual exclusive occupation of the land, claiming to hold it against him who was seised, or he must actually turn him out of possession." Parsons, C. J., in *Proprietors of the Kennebeck Purchase* v. *Springer*, 4 Mass. 416, 418. "In cases however of wild and uncultivated lands, where the proprietor has only a constructive possession, a tortious entry and open exclusive occupation and improvement are considered as tantamount to entry and ouster." *Bates* v. *Norcross*, 14 Pick. 224, 228. In such cases, says Parsons, C. J., "When a disseisor claims to be seised by his entry and occupation, his seisin cannot extend farther than his actual exclusive occupation."

In the case at bar the respondent shows an entry under his tax deeds, the assessment and payment of taxes and betterments upon the lots, the placing of no-trespassing signs on the lots, the planting of two linden trees and two fruit trees on each lot, which were killed within two years by cattle browsing on them, the setting out of blackberry bushes, the gathering of the berries therefrom, and an occasional going up to the lots with people to whom he offered them for sale. There is no evidence of other acts of cultivation or ownership; nor is there any evidence that the owners lived in the neighborhood or town, or that they had actual knowledge of the tax sale and the entry on the land under the tax deed of the respondent. In these circumstances, we are of opinion that the trial judge warrantably could find the acts of ownership were but casual, and were insufficient to prove a continuous, open, notorious and exclusive occupation of the land in question during the entire statutory period, within the rule that "The acts of a wrongdoer must be construed strictly, and the owner is not to be barred of his right, by an adverse claim and possession, unless he forbears to assert his title for the time limited

by the statute, after notice of such adverse possession, either express or implied. And such notice is not to be presumed by the court." *Coburn* v. *Hollis,* 3 Met. 125, 128, 129. *Slater* v. *Jepherson,* 6 Cush. 129, 131. *Cook* v. *Babcock,* 11 Cush. 206, 210. *Parker* v. *Parker,* 1 Allen, 245. *Whitman* v. *Shaw,* 166 Mass. 451. *Blanchard* v. *Lowell,* 177 Mass. 501. *Curtis* v. *Brown,* 219 Mass. 157.

It follows that the decree of the Land Court must be affirmed.

*Decree accordingly.*