MARGARET T. MOLL *vs.* TOWN OF WAKEFIELD.

Middlesex.    November 5, 1930. — February 24, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Land Court,* Petition to foreclose redemption from tax title, Jurisdiction, Decree, Default.

Upon a petition in the Land Court to foreclose all rights of redemption from a tax title, the town in which the land lay was served with notice and did not appear nor answer. Seven days after the return day, a motion for a general default was allowed and a decree granting the prayer of the petition was entered seven days later. Two months thereafter the town filed a motion to vacate the decree on the grounds (1) that by inadvertence the citation issued and served upon the town was mislaid and overlooked until long after the decree, (2) that the town would lose a large amount of taxes unless the decree be vacated, (3) that the court was without jurisdiction to enter the decree because it appeared from the report of the examiner on file with the court that at the time of the sale of the land and the making and delivery of the tax deed, on which the decree of foreclosure of rights of redemption was predicated, there were then existing and outstanding and unredeemed tax titles to the same land to the town, and that thereby the said sale and delivery of the deed were void and of no effect. The motion was denied. The town appealed. *Held,* that

    (1) The first and second grounds of the motion were addressed to the discretion of the court, and no abuse of discretion was shown;

    (2) The court had jurisdiction of the parties and the cause of action;

    (3) Other matters mentioned in the third ground stated in the motion affected only the soundness of the decision of the court upon the petition and not its jurisdiction and did not as a matter of law require the allowance of the motion to vacate the decree.

PETITION, filed in the Land Court on February 8, 1930, to foreclose the right of redemption from a tax title.

Notice was duly served upon the respondent town, returnable on March 24, 1930. It did not appear nor answer. On March 31, a motion for a general default was filed and allowed and a general decree of foreclosure was entered on April 7. On June 5, the town moved that the decree be vacated, stating as grounds for the motion the three set out in the opinion. The motion was heard by *Smith*, J., and was denied. The town appealed.

*M. E. S. Clemons,* for the respondent.

*G. Gleason,* for the petitioner.

RUGG, C.J. This is an appeal from a decision of the Land Court denying the motion of the town to vacate a decree foreclosing all rights of redemption from a tax title. The grounds set forth in that motion were (1) that by inadvertence the citation issued and served upon the town was mislaid and overlooked until long after the decree, (2) that the town would lose a large amount of taxes unless the decree be vacated, (3) that the court was without jurisdiction to enter the decree because it appeared from the report of the examiner on file with the court that at the time of the sale of the land and the making and delivery of the tax deed to one Chadwick, on which the decree of foreclosure of rights of redemption was predicated, there were then existing and outstanding and unredeemed tax titles to the same land to the town, and that thereby the said sale and delivery of deed to Chadwick were void and of no effect.

Plainly, the first ground was addressed to the sound judicial discretion of the court. There is nothing on this record to show abuse of that discretion. *Cohen* v. *Industrial Bank & Trust Co., ante,* 498, this day decided, and cases there collected. *Lee* v. *Fowler,* 263 Mass. 440, 443.

Certain reasons of public policy and practical importance are adduced in the second ground to support the motion. These, too, rise no higher than arguments designed to move the discretion of the court to favorable action. There was no error of law or abuse of judicial power in refusing to accede to them.

The third ground states want of jurisdiction of the

court, but specifies the facts upon which such want of jurisdiction is alleged to rest. Want of jurisdiction may be urged at any time and the court ought to take notice of it *sua sponte*. *Eaton* v. *Eaton*, 233 Mass. 351, 364. Clearly, the court had jurisdiction of the petitioner. The cause of action, namely, a petition by the holder of a title under a sale of land for taxes to foreclose all rights of redemption, is expressly vested in the Land Court by G. L. c. 60, § 65. *Landers* v. *Boston*, 267 Mass. 17. It is not disputed that notice issued to and was served upon the town as a party interested, and that the town was duly defaulted, all in accordance with G. L. c. 60, §§ 66, 67, 68. Therefore, the Land Court acquired jurisdiction of the parties and the cause of action. *Paige* v. *Sinclair*, 237 Mass. 482. *Hersey* v. *Hersey*, 271 Mass. 545, 548. The failure of the town to appear in these circumstances did not affect the jurisdiction of the court.

The town urges various grounds to show that the deed on which the decree rested was invalid and did not convey a title which ought to foreclose the rights of the town. These arguments need not be reviewed because in essence they all are directed to the point that the court made a wrong decision in ordering the decree. All those matters would have been highly important if presented to the court at a trial upon the merits. But they affect only the soundness of the conclusion reached by the court, and not its jurisdiction. A court with jurisdiction may make a wrong decision, or a party may fail to present available defences, and thus a decision may not be a true adjudication. But such decisions are not void. They stand unless reversed under some recognized and available procedure. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 40. *Lennon* v. *Cohen*, 264 Mass. 414, 422. *Castaline* v. *Swardlick*, 264 Mass. 481, 484–485 and cases cited. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 546.

No question has been raised as to procedure and none has been regarded. See *Shour* v. *Henin*, 240 Mass. 240; *Maker* v. *Bouthier*, 242 Mass. 20; *Wrinn* v. *Sellers*, 252 Mass. 423; *Donovan* v. *Danielson*, 263 Mass. 419; *Burt* v.

*Hodsdon*, 242 Mass. 302; *Attorney General* v. *Henry*, 262 Mass. 127, 130. The case has been considered on its merits as the parties have presented it.

*Order denying motion affirmed.*