CLARENCE R. STREETER *vs.* CITY OF WORCESTER.

Worcester.    September 23, 1957. — December 11, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & CUTTER, JJ.

*Taxation,* Real estate tax: foreclosure of right of redemption, assessment.

An assessment of a real estate tax to one who neither owned nor was in possession of the real estate on the taxing date was invalid.    [470–471]

In a proceeding in the Land Court seeking a declaratory decree that the plaintiff was the owner of certain land in a city and that an unreversed decree of that court entered eighteen years previously purporting to foreclose the right of redemption from a tax title to the land acquired by the city was of no force and effect, a final decree that the plaintiff had "no right of redemption or other rights" in the land was affirmed where it appeared that, although the assessment of the tax for the nonpayment of which the city acquired its tax title was invalid, the plaintiff received actual notice of the pendency of the proceeding to foreclose the right of redemption, was made a party respondent therein, and was defaulted for failure to appear.    [471–472]

BILL IN EQUITY, filed in the Land Court on December 12, 1955.

The case was heard by *Fenton,* J.

*Harry Zarrow,* for the plaintiff.

*Harry J. Meleski,* City Solicitor, for the defendant.

RONAN, J.    This is an appeal from a decree of the Land Court on a bill filed December 12, 1955, seeking a declaratory decree that the plaintiff is the owner of a parcel of land in Worcester and that a previous decree of said court entered on May 10, 1937, purporting to foreclose the right of redemption from a tax title on said land is of no force and effect.    In the instant case the court, on October 24, 1956, entered a final decree that Streeter "has no right of redemption or other rights in said land."    The parties agreed upon the facts which the judge amplified by findings to a small extent concerning which there is no dispute, but he made rulings of law which are attacked by the plaintiff.

We briefly narrate the following facts which appear from the agreed facts and findings. Streeter on April 1, 1926, conveyed all the real estate he owned in Worcester to Streeter and Sons Co., a corporation, except the one parcel in question. The corporation thereafter for the next four years paid the taxes on all the various parcels including the one last mentioned. The tax thereon for 1931 was unpaid and on August 15, 1932, a tax deed to the city was recorded. The deed ran against the corporation although Streeter individually was the owner and occupant of the said parcel. The city on January 29, 1935, filed in the Land Court against the corporation a petition to foreclose the right of redemption. An official examiner of the Land Court reported that the title stood in the name of Streeter. In accordance with an order of the court Streeter was notified on August 26, 1935, of the pending proceedings to foreclose and the petition was amended to substitute him as respondent for the corporation. Streeter, although he received actual notice, did not appear and on May 10, 1937, a final decree foreclosing all rights of redemption was entered, and notice of the decree was recorded in the registry of deeds on May 14, 1937.

Streeter was notified on March 9, 1953, that the premises would be sold at public auction by the city under the provisions of G. L. (Ter. Ed.) c. 60, § 77B. Streeter then filed a bill in the Superior Court seeking a declaratory decree that his title was not affected by the decree of May 10, 1937. This bill was dismissed on the ground that the rights of the parties had been adjudicated by the Land Court decree of May 10, 1937. The appeal of Streeter from this decision of the Superior Court ended for lack of prosecution. The parties to the present suit have agreed that the defence of res judicata in regard to the proceedings of the Superior Court was waived.

As Streeter and Sons Co. was not the owner or in possession of the land on the taxable date the assessment of the tax to the corporation was invalid. "And if the assessment is not levied on the person who is either the owner or in pos-

session, the tax is void." *J. L. Hammett Co.* v. *Alfred Peats Co.* 217 Mass. 520, 522. *Desmond* v. *Babbitt,* 117 Mass. 233. See *Irving Usen Co. Inc.* v. *Assessors of Boston,* 309 Mass. 544. The assessors might have assessed the land to an unknown person if reasonable inquiry did not disclose the owner or the occupant, *Stone* v. *New England Box Co.* 216 Mass. 8, 10, but the collector could not include in the tax sale any land the person assessed did not own or occupy. *Lancy* v. *Boston,* 186 Mass. 128, 132–133. *Holcombe* v. *Hopkins,* 314 Mass. 113, 115. If no decree of foreclosure had been entered on May 10, 1937, the plaintiff would have a right to redeem or quiet title to the land. *Sargent* v. *Bean,* 7 Gray, 125. *Desmond* v. *Babbitt,* 117 Mass. 233. *Richardson* v. *Boston,* 148 Mass. 508. *Tobin* v. *Gillespie,* 152 Mass. 219. *Lancy* v. *Boston,* 186 Mass. 128. *Fuller* v. *Fuller,* 228 Mass. 441. *Phelps* v. *Creed,* 231 Mass. 228. *Bertram* v. *Wilbur,* 246 Mass. 377. *Holcombe* v. *Hopkins,* 314 Mass. 113. *McHale* v. *Treworgy,* 325 Mass. 381.

Where the city had been deprived of its tax lien by an alienation of the land at the time of a reassessment it was pointed out that the right to sell land for the nonpayment of taxes rested solely upon the statutes, and that if the city had no lien it had no tax title which it could foreclose. *Worcester* v. *Bennett,* 310 Mass. 400. See *Morse* v. *Revere,* 248 Mass. 569; *Shruhan* v. *Revere,* 298 Mass. 12.

Streeter was notified of the pendency of the first proceeding, to foreclose the tax title, and was made a party respondent, G. L. (Ter. Ed.) c. 60, § 66, and was defaulted upon his failure to appear. § 67. He had ample opportunity to raise the questions he now presents. § 70. The Land Court "shall have exclusive jurisdiction of the foreclosure of all rights of redemption from titles conveyed by a tax collector's deed or a taking of land for taxes." § 64. The Land Court had jurisdiction over the cause of action, to wit, whether the city was entitled to a decree of foreclosure by force of its tax title. In addition the court had adequate jurisdiction over the plaintiff as a result of the notice sent him. If, as the plaintiff now contends, the court came to

the wrong conclusion in the foreclosure proceeding, Streeter had the right to bring the case here by an appeal or by exceptions. § 72. It was said in *Moll* v. *Wakefield*, 274 Mass. 505, 507, with ample citations, that "A court with jurisdiction may make a wrong decision, or a party may fail to present available defences, and thus a decision may not be a true adjudication. But such decisions are not void. They stand unless reversed under some recognized and available procedure."

*Decree affirmed.*