SLAVES OF THE IMMACULATE HEART OF MARY OF SAINT
BENEDICT CENTER, INC. *vs.* THOMAS A. DALTON.

Worcester. March 6, 1986. — June 23, 1986.

Present: HENNESSEY, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Appeal. *Res Judicata.*

Where the party claiming an appeal from the judgment in a civil action had
voluntarily dismissed the appeal before it was docketed in this court,
and had thereafter taken no action to reinstate the appeal until asking
this court, nearly two years later, to consider it, the appeal was a nullity
and the parties were bound by the judgment. [786-788]

On appeal to this court in an action for an injunction barring one of two
claimants from exercising the office of president of a certain corporation,
the doctrine of issue preclusion required affirmance of a judgment dis-
missing the action, where all issues material to the appeal had been
decided in a related action between the same parties in interest and no
appeal had been taken from the judgment in that action. [788]

CIVIL ACTION commenced in the Superior Court Department
on May 25, 1982.

The case was heard by *William C. O'Neil, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Brian A. O'Connell* for the plaintiff.

*Edward C. Bassett, Jr.,* for the defendant.

LYNCH, J. The plaintiff, Slaves of the Immaculate Heart of
Mary of Saint Benedict Center, Inc. (Saint Benedict Center),
appeals from a judgment entered in the Superior Court dismis-
sing the plaintiff's complaint. The suit asserts that Fakhri Maluf
(known as Brother Francis) is the properly elected president-
superior of Saint Benedict Center, and seeks relief which would
bar the defendant from exercising any of the privileges and
powers of that office. We transferred the case from the Appeals
Court on our own motion. We hold that the plaintiff is barred

from challenging the judgment of the Superior Court in this case because of the principle of issue preclusion.

The defendant in this case, Thomas A. Dalton (known as Brother Thomas), filed a motion to dismiss on the ground that Brother Francis was not authorized to bring suit on behalf of Saint Benedict Center because Brother Francis was not its president. Judgment was entered dismissing the complaint on October 19, 1983.

This case was consolidated for trial before a judge with a second complaint brought on behalf of the Saint Benedict Center by Brother Thomas, which sought a declaratory judgment regarding certain real estate standing in the name of the defendants Brother Francis, Mary Healey Maluf (Sister Mary Bernadette), and Janet MacIsaac (Sister Marie Louise).[1] The trial judge wrote a single "Memorandum of Decision and Order for Judgment," dated April 20, 1983, for both cases, although judgments were entered separately on October 19, 1983, in the two cases. In this companion case the judge specifically entered judgment declaring that "by virtue of an election held pursuant to the order of this Court on July 20, 1983, Thomas A. Dalton was duly elected President of the Slaves of the Immaculate Heart of Mary of Saint Benedict Center, Inc."[2]

The "Memorandum of Decision and Order for Judgment" of April 20, 1983, applicable to both cases, made various findings of fact and rulings of law. The judge found that a

[1] Superior Court Department of the Trial Court for the County of Worcester, Civil Action No. 82-23274 (1982).

[2] The judge's "Memorandum of Decision and Order for Judgment" of April 20, 1983, ordered that a receiver be appointed for Saint Benedict Center, who was ordered to conduct an election, on or before May 15, 1983, for reconsideration of the corporate by-laws, and, if necessary, to elect a corporate president. The trial judge supplemented the April 20, 1983, order with an order of June 6, which extended the date of the meeting to July 20, 1983. The duly-appointed receiver issued an "Order of the Receiver" on June 14, 1983, which scheduled a meeting for July 20, 1983, in accordance with the judge's orders. In an order of July 18, 1983, the judge certified those persons eligible to vote at the meeting scheduled for July 20, 1983. The meeting was held on July 20, 1983. The corporate by-laws were amended, and Thomas Dalton was elected president of the corporation to the exclusion of all others.

majority of the corporate membership attempted to elect Brother Thomas as their superior and corporate president at an election in July, 1979. He ruled, however, that the 1979 election was invalid because the corporate by-laws list Brother Francis as the president-superior for a term of life. The majority did, though, intend to elect a new president-superior. In light of that intent, the judge ordered that a receiver be appointed for the purposes of holding a meeting for reconsideration of the corporate by-laws, and, if necessary, for an election to determine the corporate president. On July 20, 1983, the corporate by-laws naming Brother Francis as president for a term of life were repealed, and an election was held in which Brother Thomas was elected to that post. See note 2, *supra*. That election simultaneously ended the issues in both suits and separate judgments in each case were entered thereafter.

While appeal in this action was properly taken, appeal in the companion case was not. In the companion case, the defendants, including Brother Francis, filed a separate and timely notice of appeal with the Superior Court. The record having been assembled in both cases, the Superior Court notified the parties and the clerk of the Appeals Court, and transmitted documents to the Appeals Court as required by Rule 9 (d) of the Massachusetts Rules of Appellate Procedure, as appearing in 378 Mass. 935 (1979). The appeal in this case was docketed in the Appeals Court. However, the appeal in the companion case was never docketed in the Appeals Court. Not only has Brother Francis (nor either of the other two defendants) taken no action to perfect or resurrect that appeal, but as conceded in his brief, a withdrawal of that appeal was filed in the Superior Court.[3] Brother Francis now argues that both appeals should be heard together at this time. He points out that the withdrawal of the appeal was never docketed or acted upon in the Superior Court and argues that the provisions of Mass. R. A. P. 29 (a),

---

[3] Prior counsel for the plaintiff Saint Benedict Center in this action filed in the Superior Court a "notice to the clerk of courts of the withdrawal of an appeal" on behalf of the plaintiff Saint Benedict Center in the companion case. Brother Francis does not assert that the withdrawal was not filed on his behalf or was filed without his authority.

365 Mass. 877 (1974), have not been complied with. Because the appeal in the companion case was never docketed in the Appeals Court, the notice of withdrawal properly was filed in the Superior Court. Mass. R. A. P. 29 (a).[4] There is nothing in the record before us to explain why this document was never docketed or acted upon.

The voluntary dismissal, however, is not the only bar to proceeding with the appeal in that case. Massachusetts Rule of Appellate Procedure 10 (a) (3), as appearing in 378 Mass. 937 (1979), provides in pertinent part that if an appeal is not docketed within ten days, upon motion, "the lower court or a single justice of the appellate court may, for cause shown, enlarge the time for docketing the appeal or permit the appeal to be docketed out of time." Failure to comply with the rule may result in dismissal, either on motion of the appellee or at the discretion of the appellate court. Mass. R. A. P. 10 (c). *Larabee* v. *Potvin Lumber Co.*, 390 Mass. 636, 638-639 (1983). An appellate court can refuse "to consider an appeal that was not properly before it." *Id.* at 639. Here, Brother Francis never properly docketed the appeal in the companion case, and now, nearly two years later, asks this court to hear that appeal. While we do have the discretion to grant or deny a motion for enlargement of time to docket the appeal, *id.* at 639, we have not been presented with such a motion or any explanation of the curious procedural history of that aborted appeal. "While an appellate court is permitted to excuse missed deadlines, Mass. R. A. P. 10 (a) (3), and Mass. R. A. P. 14 (b), as [appearing in] 378 Mass. 939 (1979), there is a strong sense that rules of procedure ought to be followed and a concern for the 'significance of timely docketing.' *Ingersoll Grove Nursing Home, Inc.* v. *Springfield Gas Light Co.*, 7 Mass. App. Ct. 864 (1979) ('Failure properly to docket an appeal in accordance with Mass. R. A. P. 10 [a] is ground for dismissal of an appeal')." (Footnote omitted). *Larabee, supra* at 639. The

---

[4] That rule provides that "[i]f an appeal has not been docketed, the appeal may be dismissed by the lower court upon . . . motion and notice by the appellant." Mass. R. A. P. 29 (a), 365 Mass. 877 (1974).

record indicates that Brother Francis affirmatively intended to withdraw the appeal. Thus there is no excuse shown for the neglect and no cause shown for the delay. Since that appeal is a nullity, Brother Francis is bound by the judgment entered in that companion case.[5]

The judgment entered in the companion case was predicated on the decision of the Superior Court judge which led to the election of Brother Thomas as the president of Saint Benedict Center. It was fully adjudicated in that case that Brother Francis was not the president of Saint Benedict Center after the July 20, 1983, election. The dispositive issue presented in this appeal, whether Brother Francis is president of Saint Benedict Center, therefore has been fully adjudicated. Brother Francis asks us to review the findings and order entered by the Superior Court judge in the instant case, which are identical to the findings and order in the companion case where he has abandoned his appeal. For all intents and purposes, Brother Francis seeks collateral review of matters which have been finally determined. The doctrine of issue preclusion bars this attempt. See *Almeida* v. *Travelers Ins. Co.,* 383 Mass. 226, 229-230 (1981). Since each and every material fact and question of law upon which the judge relied in the entry of judgment against the plaintiff in this case was decided in the companion case, the judgment of the Superior Court must be affirmed.

*Judgment affirmed.*

---

[5] A judgment of a court with jurisdiction stands, and is not void, unless reversed under some recognized and available procedure, even if that judgment is erroneous. *Streeter* v. *Worcester,* 336 Mass. 469, 471-472 (1957). *Moll* v. *Wakefield,* 274 Mass. 505, 507 (1931). See *Massachusetts* v. *Sheppard,* 468 U.S. 981, 990 (1984).