## WILLIAM H. HILL, JR., *vs.* JOSIAH BACON.

The grantor of a deed with covenant of warranty, dated April 30, was in possession of the land conveyed till one o'clock in the afternoon of May 1, when he executed and delivered the deed, and the grantee immediately took possession. The tax on the land for the year beginning May 1 was assessed to the grantor, who did not pay it, and the land was sold for such non-payment. *Held*, that there was a breach of the covenant.

CONTRACT on the covenant of freedom from incumbrances and the covenant of warranty in a deed of land in Brookline from the defendant to the plaintiff, dated April 30, 1869. The case was submitted to the judgment of the Superior Court, and, on appeal, of this court on the following agreed facts :

On the morning of May 1, 1869, the defendant was the owner and in possession of the land described in the deed, and continued to be the owner and in possession thereof until one o'clock in the afternoon of that day, when he signed, acknowledged and delivered the deed to the plaintiff; and the consideration named in the deed was paid by the plaintiff to him. From the delivery of the deed the plaintiff has been the owner, and in possession of the land. The state, county and town taxes assessed on the land for the year beginning May 1, 1869, were not paid at the time of the signing, acknowledging and delivery of the deed; they were assessed to the defendant, and amounted to $85.50 ; they were not paid, and the land was sold for such non-payment, and was purchased by the plaintiff for $96.32 on May 19, 1870, on which day the collector of taxes of the town of Brookline executed and delivered to the plaintiff a deed of the land. All the proceedings in the assessment and collection of the taxes were in conformity to law. If the court should find that the taxes constituted a breach of the covenants of the deed, then judgment to be entered for the plaintiff, with damages assessed at $96.32 and interest thereon from May 19, 1870, to the date of the entry of such judgment ; otherwise judgment to be entered for the defendant.

*F. D. Ely*, for the plaintiff.

*J. S. Holmes*, for the defendant.

WELLS, J. Taxes are assessed as of the first day of May in each year; and, on real estate, "to the person who is either the owner or in possession thereof on the first day of May." Gen. Sts. *c.* 11, § 8. They "constitute a lien thereon for two years after they are committed to the collector." Gen. Sts. *c.* 12, § 22. To be effectual, this lien must relate back to the first day of May. Such, doubtless, was the intent, and should be the construction of this provision of law; 'although practically the tax is not assessed until some weeks or perhaps months later.

It is agreed that the defendant "was the owner and in possession" of the land in question on the first day of May 1869. The tax, then, was lawfully assessed to him, and constituted a lien upon the land. There is no point of time less than the day, at which the tax can be regarded as laid. It will be sustained by ownership or possession during any part of the day. It would have been equally valid if it had been assessed to the plaintiff, who became owner on that day.

The covenant against incumbrances relates to the present condition of the title. Whether a lien, to be created by the laying of a tax, subsequent in actual imposition, but by law relating back to the first day of May, constitutes a breach of this covenant in a deed dated April 30, and delivered May 1, we need not decide; because we think it is clearly a breach of the covenant to warrant and defend; and, by the agreement of facts, if it is held to be a breach of either covenant, the plaintiff is entitled to the same measure of damages in one case as in the other.

The covenant to warrant and defend is prospective. The tax being lawfully assessed to the defendant, constituting a lien upon the land, and that lien being enforced by a sale, in due form, the plaintiff was obliged to buy in the superior title to protect himself from eviction. That outstanding title or right being derived through the defendant, there was a literal breach of his covenant to warrant and defend. 2 Greenl. Ev. § 244. 2 Washb. Real Prop. 666. *Curtis* v. *Deering*, 3 Fairf. 499. The warrantor is bound by the literal purport of his covenant.

*Judgment for the plaintiff.*