EDMUND R. CUMMINS *vs.* DUNCAN CHRISTIE & trustee.

Worcester. October 2, 1900. — May 23, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Tax*, Sale, Enforcement in trustee process of lien of mortgagee on surplus proceeds.

A mortgagee of land sold for taxes may enforce as claimant in a trustee process his equitable lien upon the surplus proceeds of the sale in the hands of the city or town. If the mortgage does not cover the whole of the proceeds, an attaching creditor of the mortgagor, plaintiff in the trustee process, is entitled to the balance in the hands of the trustee after the claim of the mortgagee is satisfied.

CONTRACT on a promissory note against one Duncan Christie as defendant and the city of Worcester as trustee. Writ in the Central District Court of Worcester dated February 28, 1900, case entered in the Superior Court on appeal of the trustee May 7, 1900.

The answer of the trustee alleged that on May 1, 1898, a certain tract of land situated on Dewey Street in the city of Worcester, was owned by one David A. Curry, and on that day the assessors of the city of Worcester assessed a tax upon this land in the name of Curry; that thereafter Curry conveyed the land, and that on August 17, 1899, the record title to the land stood in the name of the defendant, Duncan Christie, subject to two mortgages given by Christie on October 15, 1898; that, the tax

remaining unpaid, the land was duly advertised for sale on August 17, 1899, and was sold by the city for the sum of $105; that the sum of $30.12 was applied in payment of the tax with interest and costs of sale, and that the balance of the first mentioned sum, amounting to $74.88, was held by the trustee for the owner of the real estate in accordance with the provisions of St. 1888, c. 390, § 40. The answer further alleged that at the time of the commencement of this suit the record title to the land stood in the name of Arthur B. Nelson, subject to a mortgage to one William B. Clark.

On June 4, 1900, William B. Clark as claimant filed a motion in the Superior Court asking to be made a party and alleging that as mortgagee of the land he was entitled to receive from the city of Worcester the balance of the proceeds of the tax sale remaining in its hands. On the same day the Superior Court gave judgment charging the trustee on its answer, and from the order so charging it the trustee appealed.

*A. P. Rugg,* for the trustee.

No counsel appeared for any of the other parties.

HAMMOND, J. This is an action brought originally in the District Court, where the trustee was charged upon its answer. It appealed to the Superior Court, where it was again charged on its answer. The case is before us upon an appeal from that order, and was submitted upon the brief of the trustee, no other party appearing. William B. Clark voluntarily appeared in the Superior Court as a claimant and filed a statement of his claim, but nothing more appears in the record concerning it. The only question therefore, is whether, in this state of the record, upon the facts stated in the answer, the trustee should be charged. Briefly stated, the answer discloses that the city has in its hands money, being the balance of the proceeds of land sold for non-payment of taxes after satisfying the taxes and charges; that at the time of the tax sale the record title to the land stood in the name of the defendant, subject to two mortgages theretofore given by him, and that, at the time this suit was commenced, it stood in the name of one Nelson, subject to a mortgage to the claimant. The answer further states that it holds this money for the owner of the real estate in accordance with the provisions of St. 1888, c. 390, § 40, by which we understand the trustee to

mean that the money is held for the person entitled to it under that statute upon the facts stated.

The statute directs the city to pay such proceeds to the owner of the land at the time of the sale. In *Worcester* v. *Boston*, *ante*, 41, it has been recently decided that the term "owner," as used in that section, does not include a mortgagee, unless either he is in possession at the time of the sale or the mortgage is of the kind described in Pub. Sts. c. 11, § 14, and has been assessed to him as real estate; but it was also decided that, while as between the owner and the city the money belonged to the owner, yet as between him and a mortgagee at the time of sale the latter had an equitable lien upon such proceeds which he could enforce in equity. And we can have no doubt that, where such a mortgagee appears as a claimant in a suit like this, he stands, so far as respects the rights of the attaching creditor, in a situation analogous to that of an assignee of the defendant's interest in the fund to the extent at least of the sum due on the mortgage, and that to that extent the trustee should not be held. The answer of the trustee seems loosely drawn, but we construe it to mean that the mortgage held by Clark, the claimant, at the time of the commencement of the suit, was one of the mortgages in existence at the time of the tax sale, and was then held by him.

Under this construction of the answer, the title of the claimant to the fund in the possession of the trustee to the extent of his claim is better than that of the owner, and, no fraud being shown, the attaching creditor can have no higher right than his debtor. The claimant is entitled to so much of the fund as his mortgage will cover, but if there be anything left the plaintiff can hold it. Since, however, there is nothing in the answer to show that the sum due on the mortgage is equal to that which the trustee discloses in his possession, the trustee must be charged.

*Order charging trustee affirmed.*