MELISSA ABBOTT & another *vs.* ALICE M. FROST.

Middlesex.   January 25, 1904. — April 1, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Tax,* Sale.

Under our statutes taxes on mortgaged real estate, where neither the mortgagor nor the mortgagee has required a separate assessment, are assessable wholly to the mortgagor in possession.

A sale of mortgaged real estate for non-payment of taxes on the whole property, legally assessed to the mortgagor alone, if the statutory requirements have been complied with, passes to the grantee of the collector an absolute title to the whole estate freed from the mortgage and all other incumbrances, subject only to the right of redemption given by R. L. c. 13, § 58.

Under R. L. c. 13, § 35, the lien for taxes assessed on real estate, where there has been no alienation of the property, continues after the expiration of two years until the tax is paid or the property is sold, and in such a case a purchaser at a tax sale made after the two years gets as good a title as if the sale had taken place within that period.

After notice of a tax sale of mortgaged real estate to take place on a certain day has been given, an entry of the mortgagee for the purpose of foreclosure under R. L. c. 187, § 1, and a subsequent sale under a power of sale in the mortgage, do not operate as an alienation of the property or in any way affect the rights of the purchaser at the tax sale.

BILL IN EQUITY, filed August 12, 1903, by the purchaser at a foreclosure sale under a mortgage of certain real estate in that part of Framingham called South Framingham, and by the mortgagee, to remove a cloud on the title of the first named plaintiff by setting aside a tax sale to the defendant alleged to be invalid.

The following facts among others were disclosed by the record: The tax sale was advertised to take place on August 16, 1902, and on that day was adjourned until August 23, 1902, when the sale took place. The collector's deed to the defendant was dated September 15, 1902. The entry to foreclose the mortgage was made on August 22, 1902. The foreclosure sale at which the plaintiff Melissa Abbott was the purchaser was held on September 16, 1902.

The Superior Court made a decree dismissing the bill with costs; and the plaintiffs appealed.

*C. Abbott,* for the plaintiffs.

*W. Adams,* for the defendant.

BRALEY, J.   Unless the sale of the premises described in the bill was invalid because the tax assessed had ceased to be a lien at the time of sale, the defendant's title is good and the plaintiff Melissa Abbott has no title to be clouded.   For all of the time covered by the several assessments the property was subject to a mortgage duly recorded, but neither the mortgagor nor mortgagee brought into the assessors any statement under St. 1882, c. 175, requiring them to ascertain and fix a value on the interest of each in the real estate, and in the absence of any compliance with this preliminary requirement it could be lawfully assessed to the mortgagor in possession.   Such assessments are permitted by our laws relating to taxation, and have been held to be in strict accordance with their provisions.   Pub. Sts. c. 11. St. 1889, c. 84.   *Worcester* v. *Boston,* 179 Mass. 41, 49.

Before St. of 1881, c. 304, subsequently Pub. Sts. c. 11, §§ 13–15, when land subject to a mortgage was assessed to the mortgagor in possession the entire estate was assessed, and there was no division or separation of the legal and equitable titles, and the lien for the tax was as broad as the assessment.

No distinction between these titles before possession by the mortgagee under foreclosure proceedings is recognized, and the tax assessed and the sale for its payment covers and includes both estates.   *Parker* v. *Baxter,* 2 Gray, 185.

If the object of this enactment was to prevent double taxation and to require that the interest of each should be respectively ascertained, and in all cases they should be separately assessed or taxed as joint owners, it was subsequently amended so that from being mandatory in terms provision was made that real estate subject to a mortgage could be legally assessed to the owner in possession, unless either the mortgagor or mortgagee had given to the assessors within the time for bringing in lists of taxable property a sworn statement of the amount due under the mortgage.   St. 1882, c. 175.

It is agreed that the mortgagor was in·possession for the whole period, and it does not appear that either he or the mortgagee made any effort to have the respective interest of each assessed.

Unless either complied with the statutory provision made for their benefit they need not be deemed joint owners, and a tax otherwise lawfully imposed did not become invalid because the mortgagee had not been recognized in the assessment. *Worcester* v. *Boston, ubi supra. Cummins* v. *Christie,* 179 Mass. 74.

If a sale follows it is commensurate with the tax lien, for in theory the taxing power assesses with one hand and at the same time demands payment with the other, and if the assessment is valid, a sale for its collection properly made is also valid. *Hill* v. *Bacon,* 110 Mass. 387.

At the time these taxes were assessed and when the sale took place, St. of 1888,. c. 390, § 30, as amended by St. of 1889, c. 334, § 9, provided that . . . "If such tax remains unpaid for fourteen days after demand therefor, it may with all incidental charges and fees be levied by sale of the real estate within said two years, or after the expiration of said two years, if the estate has not been alienated prior to the giving of the notice of such sale."

When a sale of real property under this and similar statutes is made for taxes lawfully assessed, the entire title or interest in the land passes to the grantee by the deed of the collector, and it does not become essential to inquire whether his title is to be considered as the result of all previous titles and which are transmitted to him by operation of law, or a new title conferred under a taking by the sovereign power to enforce a public right to which property under our constitution is generally made subject. See *Harrison* v. *Dolan,* 172 Mass. 395, 398; *Emery* v. *Boston Terminal Co.* 178 Mass. 172, 184.

Such a lien constitutes a charge or incumbrance on the land without which it could not be sold, and at any time within the limitation a sale or conveyance would vest in the purchaser an absolute title to the whole estate freed from the mortgage which was in existence, and all outstanding incumbrances. *Hunt* v. *Boston,* 183 Mass. 303, 305, and cases cited.

The plaintiffs contend that at the time of sale the statutory lien had expired, at least as to a part of the taxes, and as the sale cannot be divided and held good in part and invalid as to the remainder it was not effectual to cut off the mortgage.

They also take the further position that after the express

limitation of two years had run the sale, though effectual to transfer the interest of the mortgagor, left the estate of the mortgagee unaffected, and that it did not pass title to the whole property. *Sherwin* v. *Boston Five Cents Savings Bank*, 137 Mass. 444.

But if the tax for each year constituted a lien, the last tax having priority over preceding taxes, yet the collector might sell separately, or make a single sale for all the taxes. *Keen* v. *Sheehan*, 154 Mass. 208. *Pixley* v. *Pixley*, 164 Mass. 335. *Lancy* v. *Snow*, 180 Mass. 411. In these cases, however, no question seems to have arisen like that now presented. Here the difficulty arises when an attempt is made to determine whether the lien expires in all cases with the limitation of two years. Notwithstanding the lapse of time the nature and extent of the charge upon the estate does not change, but is co-extensive with the condition of the title at the time of assessment and when it first attaches, and continues to be the same throughout. The whole land is held, and not the mere interest of the individual to whom it is taxed, and the manner of assessment, if legally made, really defines the extent of what must be treated as a lien, to which it is the legislative intention to make all other titles subordinate. *Langley* v. *Chapin*, 134 Mass. 82, 87. *Hunt* v. *Boston, ubi supra.*

The lien attached at the time the taxes were severally assessed, and for the statutory period of two years the estate could not be divested of this paramount claim by any subsequent incumbrance or change of ownership.

But if the precedent condition of alienation which works a discharge of the lien does not arise, then no change has taken place in the title which operates to free the property made subject to it until the tax is paid or the estate sold. *Kelso* v. *Boston*, 120 Mass. 297, 299.

Where there has been no change in ownership the estate is still subject to the taxes assessed and remains liable to be sold for their payment, and the purchaser, if all statutory requirements have been followed, gets as good a title as if the sale had been made within the period of two years.

The entry of the mortgagee for the purpose of foreclosure under R. L. c. 187, § 1, and the subsequent sale under the power

in the mortgage were after notice of the tax sale had been given, and did not work a change in the title, as the alienation of the property contemplated by the statute in order to destroy the right of the collector to sell must occur in point of time before notice of such sale is given.

If the mortgage had ceased to be a legitimate incumbrance at the time of entry, or foreclosure by sale, those claiming under it acquired no estate in fee, and the plaintiffs have no title to be clouded.

A sale therefore under the conditions disclosed by the record in this case, whether made before or after the qualified limitation of two years had run as to each of the taxes, must be held to have passed to the purchaser a good title free from all incumbrances, subject only to the right of redemption given by law to the owner or those lawfully claiming under him. R. L. c. 13, § 58.

<em>Decree affirmed.</em>