ELLA E. MORSE *vs.* CITY OF REVERE.

Suffolk.    March 14, 1924. — April 15, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

· *Tax*, Sale: validity; Expiration of lien.    *Bona Fide Purchaser*.

Where the owner of land, the title of which is registered in the Land Court, after receiving notice from the collector of taxes that the land was being advertised for nonpayment of taxes for the years 1916, 1917, 1918, 1919, 1920, and 1921, conveys the land to another, who records his deed and receives a new certificate of title, subsequent sales of the land at public auction for collection of the taxes, which were made after more than two years had expired from October 1 in the year in which the taxes were due, are invalid and the owner of the title has a right to maintain a petition in the Land Court to have all references to such tax sales as incumbrances upon his title removed from his certificate.

At the hearing of a petition of the character above described, it is proper to exclude evidence that the petitioner was not a *bona fide* purchaser for value and that he held the title for the benefit of the former owner, his certificate of registration under G. L. c. 185, § 54, being conclusive "as to all matters contained therein, except as otherwise provided in this chapter."

PETITION, filed in the Land Court on April 30, 1923, seeking the removal, from a certificate of title of certain land owned by the petitioner, of reference to four tax deeds as incumbrances upon the title.

The petition was opposed by the city of Revere. It was heard by *Davis*, J. Material findings by the judge and exceptions by the respondent are described in the opinion. The petition was allowed and the respondent appealed.

The case was submitted on briefs.

*S. R. Cutler*, city solicitor, for the respondent.

*W. R. Evans, Jr.*, for the petitioner.

CARROLL, J. The plaintiff is the owner of a certificate of title of land upon which there have been entered as incumbrances four tax deeds to the city of Revere. The petition is brought to have these memoranda of incumbrances stricken from the certificate, on the ground that the tax deeds are invalid.

On February 24, 1923, one Desmazes was the registered owner of the land in question. On that day he was notified by the city collector that the city " is advertising your property lot F-2, on Ocean Avenue, Revere, Mass. for the nonpayment of taxes as the enclosed advertisement indicates." The enclosed advertisement, dated February 24, was of a sale of the land, to take place on March 20, 1923, for the nonpayment of taxes for the years 1916, 1917, 1918, 1919, 1920, and 1921. This advertisement was duly published on February 24, March 3, and March 10. On February 28, the land in question was conveyed by said Desmazes to the present petitioner and a certificate of title issued to the petitioner accordingly. The tax sales being duly adjourned, took place April 6, 1923, when the land was conveyed to the city of Revere by four deeds duly filed for registration and entered on the petitioner's certificate of title as incumbrances. The four tax sales were made after more than two years had expired from October first in the year in which the taxes were due.

The petitioner contends that, when the sales took place, the lien for taxes had terminated. The respondent, relying on *Abbott* v. *Frost*, 185 Mass. 398, contends that the lien existed, and had not been terminated. G. L. c. 60, § 37, provides that taxes assessed on land shall be a lien from April first in the year of assessment, and the lien shall " terminate at the expiration of two years from October first in said year, if the estate has in the meantime been alienated and the instrument alienating the same has been recorded, otherwise it shall continue until a recorded alienation thereof; . . ." The alienation of the land from the former owner to the petitioner was duly registered and a certificate of title issued to him. The instrument of alienation was duly recorded within the meaning of the statute. See *Jenckes* v. *Court of Probate of Smithfield*, 2 R. I. 255.

On February 28, 1923, the deed of conveyance was delivered to the petitioner and it was duly registered. On this date the lien for taxes terminated, because more than two years had expired from the first of October in the year in which the taxes were due; the taxes being for the years

1916, 1917, 1918, and 1920. There being no lien under the express terms of the statute, the attempted levy and sales were invalid. *Abbott* v. *Frost, supra,* was decided under St. 1888, c. 390, § 30, as amended by St. 1889, c. 334, § 9. By these statutes, if the tax remained unpaid, the land could be sold if it had not been alienated " prior to the giving of the notice of such sale." These last quoted words are omitted in G. L. c. 60, § 37. Under this section the lien terminated in two years from October first if the estate had been alienated in the meantime, without reference to the giving of the notice of the sale, referred to in St. 1888, c. 390, § 30, and in St. 1889, c. 334, § 9.

The judge of the Land Court was right in ruling that the liens of the respondent, on which it attempted to levy by the sales in question, continued only until the recorded alienation of the land on February 28, 1923; and that at the date of the attempted levy the liens had terminated and the sales were invalid.

The respondent offered to show that the petitioner was not a *bona fide* purchaser for value, but held the title for the benefit of Desmazes, the former owner; the respondent contending that such a conveyance was not an alienation under the statute. This offer of proof was excluded properly. The deed to the petitioner was duly registered and a certificate of title issued to him. By G. L. c. 185, § 54, the certificate of registration is conclusive " as to all matters contained therein, except as otherwise provided in this chapter."

*Order allowing the petition affirmed.*