HELEN L. SAFTEL *vs.* JAMES I. BROOKS.

Norfolk.    November 9, 1925. — February 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Tax*, Sale, Payment.    *Mortgage*, Of real estate.

At the hearing in the Land Court of a petition for the registration of the title to certain land, it appeared that the petitioner's title was derived from one who had purchased the land in foreclosure of a mortgage and who, at the time of the sale and conveyance to him, had also held of record three tax titles of the land. A respondent contended that such purchaser had held the tax title as trustee for him and that he could not have conveyed his interest under the tax titles to the petitioner. The judge found that there was no evidence of such a trust, that the petitioner had no notice of such a trust, and that the respondent had no interest in the tax titles. On an appeal, it was *held*, that the judge's findings must be confirmed.

If one, who has executed and delivered a deed of real estate which was dated before, but was not recorded until after, the date for the assessment of taxes in a certain year, after a sale of the real estate for the payment of those taxes, buys the land from the purchaser at the sale, he takes nothing by his purchase but merely releases the land from the tax lien.

*It was stated* that, while there might be circumstances which would make it inequitable that a conveyance following a purchase of a tax title of the character above described should merely discharge the tax lien and should pass no title, no such circumstances were shown on the record in this case, from which it appeared that the transaction was part of an effort to get rid of a mortgage encumbrance by failing to pay taxes on the mortgaged premises.

The purchase of the tax title in the circumstances above described could not be a redemption from the tax titles, since, the purchaser having no title at the time of his purchase, he was not a "person having an interest in the land taken or sold for nonpayment of taxes."

PETITION, filed in the Land Court on December 16, 1924, for the registration of the title to certain land on Wolcott Road in Brookline.

In the Land Court, the petition was heard by *Corbett,* J. Material facts found by the judge are described in the opinion. The sole respondent was James I. Brooks. The judge found and ruled that the respondent held no tax title on the locus and had no interest therein, and ordered a decree accordingly. The respondent appealed.

The case was submitted on briefs.

*J. I. Brooks,* respondent, *pro se.*

*S. Markell,* for the petitioner.

WAIT, J. This is an appeal from a decision of the Land Court that the respondent Brooks (hereinafter called the respondent) held no tax title to certain premises in Brookline in the possession of the petitioner, who sought to have her title registered. The petitioner acquired title by mesne conveyances from William H. White, who purchased the premises at a foreclosure sale under a mortgage given to Salome E. White on June 4, 1906.

When William H. White purchased at the foreclosure sale in 1923, he held of record three tax titles from sales in 1912, 1913, and 1914, which he had acquired in 1914. The respondent claimed that White held these tax titles as trustee for him; but the judge found that he had failed to make out any beneficial interest in them, and, moreover, that the petitioner in purchasing from White, took her title *bona fide,* for value, and without notice of any right in the respondent. White must be taken to have conveyed all interests he may have had in the premises. We see nothing to indicate that the judge was wrong in his findings. The respondent held nothing by virtue of these three tax titles, and it is not necessary to determine their validity. His appeal fails so far as they are concerned.

It appeared that in 1910, Florence R. Brooks was the owner of the premises subject to the White mortgage. She conveyed them to Ida M. Brooks, by deed dated March 18, 1910; but, as the deed was not recorded until July 27, 1910, she remained the owner of record on May 1, 1910, and she

was assessed for the tax thereon for the year 1910. This assessment was proper. St. 1909, c. 490, Part I, § 15. The tax collector sold the premises for nonpayment of this tax, and made a tax deed thereof, dated January 14, 1911, to Arthur B. Rigney, the purchaser. Rigney, by deed dated November 2, 1912, conveyed his title so acquired to Florence R. Brooks, and, by deed dated November 22, 1924, Florence R. Brooks conveyed it to the respondent. The latter claims that the mortgage was cut out by the tax sale and by the failure of the mortgagee and the owner of the equity to redeem from the tax title thus created, *Abbott* v. *Frost*, 185 Mass. 398, and, therefore, that he holds a title paramount to the petitioner's.

The Land Court held otherwise, and rightly. Florence R. Brooks, though not the owner of the premises on May 1, 1910, was, as has been stated, properly assessed. If the tax remained unpaid for three months after it had been committed to the collector she could be sued for it. St. 1909, c. 490, Part II, § 33 (G. L. c. 60, § 35). As between herself and the collector she was primarily liable, *Dunham* v. *Lowell*, 200 Mass. 468; although not a debt, *Peirce* v. *Boston*, 3 Met. 520, *Boston* v. *Turner*, 201 Mass. 190, 193, the tax was her personal liability. *Richardson* v. *Boston*, 148 Mass. 508. For the discharge of that liability by her the tax lien on the land was security; and although, when a sale took place for nonperformance of her duty to pay, a new title in the purchaser superior to all prior titles came into being, *Parker* v. *Baxter*, 2 Gray, 185, *Abbott* v. *Frost*, *supra*, nevertheless until the period of redemption expired, that new title was really a security, collateral for repayment to the purchaser of what he had paid the collector with the charges and expenses allowed by our statutes. The duty of the person taxed to pay the tax had never been performed. Just as the law regards a purchase of a tax title from the collector by the person assessed the tax, as a payment, see *Coughlin* v. *Gray*, 131 Mass. 56, *Davis* v. *Allen*, 224 Mass. 551, 553, which defeats the title so that the purchaser takes no title but, because the security falls when the obligation is discharged, gets merely a void deed, so when the person assessed buys

from the purchaser the tax title based upon his default before the period of redemption has expired, he should be regarded as performing his duty to pay the tax, and as releasing the security rather than as buying the security. *Lewis* v. *Ward*, 99 Ill. 525.

There may be circumstances which render this inequitable; but they must be something other than an effort to get rid of a mortgage by failing to pay taxes on the mortgaged premises, which is the manifest purpose to be gathered from the record in the case before us.

There was no redemption here. Florence R. Brooks had no right to redeem. She was not a "person having an interest in the land taken or sold for non-payment of taxes." St. 1909, c. 490, Part II, § 59 (G. L. c. 60, § 62). The statutory right could not rise above that of "a person other than the owner of the fee [who] rightfully pays the taxes assessed upon land," who is given a right to a certificate, St. 1909, c. 490, Part II, § 66, continuing the lien, if he pays the tax before a taking or sale. She did not act under this provision of the statutes.

The judge might well decide that in buying the tax title in 1912, she was simply performing the duty to pay the tax imposed on her in 1910.

The report does not show whether, while owner of the equity, she was bound to pay the taxes by any assumption of the mortgage. If she was so bound, there is additional reason for holding her purchase to be a payment.

The requests for rulings, so far as they were not given in substance, were, therefore, refused properly. Florence R. Brooks had nothing to convey in November of 1924. The respondent held no tax titles on the premises.

*Order for decree affirmed.*