## CORA M. VAUGHAN v. J. W. VAUGHAN.

Middle Section.     December 23, 1927.

No petition for Certiorari was filed.

1. **Municipal corporations. Minutes of a board will be presumed entered as provided by law.**
   In an action where the date of the entry of a resolution on the minutes of the Board of Public Works became an issue and there was no evidence as to the date it was entered, held in the absence of proof to the contrary it must be presumed that it was entered upon the date they were made in accordance with the duty so to enter the orders under the statute.

2. **Evidence. In the absence of testimony it will be presumed that minutes were entered as required by statute.**
   In an action involving a tax lien where the evidence did not show when the resolutions of the Board of Public Works ordering the improvements were entered on the minute book of the Board held, that in the absence of proof to the contrary it must be presumed they were entered upon the date that the improvements were ordered.

3. **Municipal corporations. Special assessments a lien when.**
   Under the charter of the city of Nashville special assessments for sidewalks and street improvements become a lien when the Board of Public Works orders the improvements made.

4. **Liens.** In the absence of a statute controlling it is generally held that an unascertained tax or assessment may be such a lien as to constitute a breach of warranty in a deed.

In an action to recover under a covenant against encumbrances for certain special assessments for street improvements where it was shown that the improvements had been ordered made but the amount due was not declared at the time of the making of the deed, *held* that it is the general rule that such taxes are a lien regardless of the fact that the exact amount is not yet ascertained.

5. **Deeds.** Covenants against encumbrances broken when special assessments are outstanding.

In an action to recover on a covenant against encumbrances where the evidence showed that at the time the deed was made, certain street improvements had been ordered but the amount had not yet been ascertained, *held* that since the improvements were declared a lien by the city charter from the time they were ordered they were an encumbrance covered by the covenant and the grantee was liable to the grantor for the amount finally paid.

6. **Taxes.** Special assessments for street improvements not included in clause covering general taxes.

Where the deed contained the clause "purchaser assumes the payment of the 1924 taxes," *held* that special assessments were not included in this clause, for manifestly, it referred only to the usual tax annually assessed.

Appeal from Chancery Court, Davidson County; Hon. Jas. B. Newman, Chancellor.

Affirmed.

W. C. Cherry, of Nashville, for appellant.

Jeff McCarn, of Nashville, for appellee.

DeWITT, J. The parties to this suit were divorced on March 10, 1924. On March 8, 1924, pursuant to an agreement for alimony, the defendant conveyed to complainant four tracts of land in Nashville, one of them being a lot fronting on Gallatin avenue, containing a residence. The deed embodied the following covenant: "I do covenant with the said Cora M. Vaughan that I am lawfully seized and possessed of said land in fee simple, have a good right to convey it, and the same is unencumbered." The complainant executed to defendant a quitclaim of all her interest in other property owned by him.

This suit was brought to recover damages for breach of this covenant of warranty against encumbrances. The encumbrance alleged consisted of a lien held by the City of Nashville for the amount of assessments levied for laying a sidewalk and for improvement of the street on which the lot abutted. No question is made as to the power of the municipality under its charter to levy the assessments, or as to the regularity of the assessments. In order to discharge the lien complainant was compelled, after demand upon and refusal to pay by the defendant, to pay to the City of Nashville the sum of $290.76.

The Chancellor granted to her a recovery for this amount, with interest, and costs, and defendant has appealed.

The record fully sustains the following findings of the Chancellor:

"It is admitted in the answer and stipulated by counsel, that on the 19th day of February, 1923, more than one year prior to the date of execution and delivery of said deeds, the board of public works of the City of Nashville passed an order, or ordinance, to improve Gallatin avenue, formerly Main street, in the City of Nashville, upon which the premises in the bill abutted. The work of laying the sidewalks on Gallatin avenue and paving the same, was started in August of 1923, when the city began to lay water and gas pipes, but the actual street improvements were started in September of 1924. At the time of the execution of said deed, complainant did not actually know of said work or that the same had been ordered. She did not inspect the premises before accepting said deed, but selected the property conveyed to her from a list furnished her by defendant, and in which was specified a number of encumbrances against property other than the premises, but wherein no mention was made of any encumbrances as against the property involved in this suit and which was conveyed to complainant. Complainant, since the date of said deed, has received the same rent for the premises as was paid therefor prior to the making of said street and sidewalk improvements, and has been unable to sell said property at an increase of $500, and it appears that said property has not been enhanced to any appreciable extent in value.

"On the 10th day of September, 1924, complainant paid to the City of Nashville the sum of $27.64 for a sidewalk and curbing assessment; on the 14th day of February, 1925; $235.48 for street improvements, and on June 26, 1924, also paid the sum of $27.64 to cover a special sidewalk and curbing assessment. All of these items were paid to the City of Nashville, and aggregate $290.76."

It is insisted that the liability for the assessments did not constitute a lien at the time of the conveyance; that a lien is not an encumbrance unless it diminishes the value of the estate and at the same time does not prevent the passing of the title—the evidence showing, as insisted, that the improvements did appreciably enhance the value of the abutting property.

The charter of the City of Nashville, chap. 125 of the Private Acts of 1923, provides: As to assessment upon the property for street improvement, sec. 42, subsec. 8:

"The said lien shall be prior and superior to all other liens or incumbrances of any nature whatsoever, except State, county and municipal taxes, and shall be of equal dignity with sidewalk

assessments. Said lien shall attach when said board (of public works) shall have ordered the improvement made in accordance with the plans and specifications prepared by the board. When said order shall have been entered upon the Minute Book of the board, such entry, where duly signed by the chairman of said board, shall become a notice and fix the lien as to all parties who have acquired any, title, right or interest therein.''

As to assessment for sidewalk, curb and gutter improvement, sec. 45, subsec. 3:

''Said liens shall attach when, upon the adoption of a resolution by the board of public works, authorizing and directing said improvement, said resolution shall be entered upon the sidewalk, curb and gutter Minute Book of the board, and shall become a notice to fix the lien as to all parties who may have acquired prior thereto, any title, right or interest in or to said lot or parcel of ground, or who may acquire any such right, title or interest, subsequent thereto. . . It is hereby intended that said sums of money expended under this act, together with all interest, costs and charges, shall be and constitute a lien upon the fee in said lot or lots or parcels of ground immediately, etc.''

It does not directly appear just when the resolutions or orders of the board of public works were entered on the Minute Book of the board, and in the absence of proof to the contrary, it must be presumed that they were so entered upon the day the improvements were ordered, in accordance with the duty so to enter the orders under the act.

It is contended that as the street improvement was not begun until after the date of the deed, although a lien had arisen in favor of the city, it was not an encumbrance as between the parties; that it could not be a true lien because indefinite in amount, and the improvements might never be made; that the lien was a mere ''caution,'' as styled in Canadian decisions; that the sole purpose of the aforesaid provision of the act is to prevent, between the time of making the order for the improvement and the determination of the cost and consequent assessment upon the property, the property owner from mortgaging his property to such an extent that a lien could not be imposed thereon for the improvement.

If we should adopt such a view we would fail to give effect to the plain language of the charter. It clearly declared that from the date of the entry of the order the lien shall attach to the property and be binding upon all parties who have acquired any title, right or interest therein. No alienation of the property from that time could impair the lien. It affects all who thereafter acquire the title and is an encumbrance as between the original owner and his successive vendees. The indefiniteness of the liability could not render it less

a lien, for the lien can exist whatever may be the amount later to be determined. In our system of taxation a lien arises on January 10th of each year for taxes, the amount of which must later be ascertained. The assessment is made after that date but it relates back thereto. Plowman v. Williams, 6 Lea, 268. A purchaser takes title with notice, actual or constructive, of the lien, and if he is not protected by covenants in his deed he must discharge the lien and bear the burden. In Maloy v. Hill (Mass.), 76 N. E., 452, the rule applicable here was clearly pointed out—that it is the liability to assessment that constitutes the encumbrance upon the land, even though its amount may not be known and the right of enforcement may not come into existence until the assessment is afterward made. It is true that in New York, Oklahoma, Ohio, and perhaps other States, no tax or assessment can become a lien or encumbrance on real estate within a covenant of warranty until the amount thereof is determined; but the decisions so holding are based upon statutory provisions. In the absence of a statute controlling, it is generally held that an unascertained tax or assessment may be such a lien as to constitute a breach of warranty in a deed. 15 C. J., 1285; Kirkpatrick v. Pearce, 107 Ind., 520; Carr v. Dooley, 119 Mass., 294; Hill v. Bacon, 110 Mass., 387; Blackie v. Hudson, 117 Mass., 181; Maloy v. Hill, supra; Cemansky v. Fitch, 21 Ia., 186, 96 N. W., 754. See Ann. Cas., 1918D, 975, where the cases on this subject are reviewed. The general rule deduced is that the existence of an outstanding special assessment, the lien of which has attached to the land at the time of the conveyance, constitutes a breach of a covenant against encumbrances. It matters not whether the purchaser knew of the encumbrance. The rule is given in 7 R. C. L., 1135, as follows:

"It is a general rule that a covenant against encumbrances in a deed protects the grantee against either adverse rights, interest or dominion from the lien whether he had notice of such adverse interest or not; and that a covenantor covenants against known as well as unknown defects. Both parties may be in possession of all the facts. Either or both may believe an encumbrance is not an encumbrance. If the apparent encumbrance turns out to be real, the seller must answer unless he excepts the encumbrances from his covenant."

This rule was applied by our Supreme Court in Perkins v. Williams, 5 Cold., 512, and Brown v. Taylor, 115 Tenn., 1, 88 S. W., 933.

It is insisted that the evidence does show that the value of the land was increased by the improvements, at least to the amount of the assessment; and that therefore no more than nominal damages should be awarded. In our opinion this enhancement is not shown by the preponderance of the evidence; but if it were shown, this is not of the class of cases in which nominal damages would be properly

awarded. Encumbrances are of two kinds, (1) such as affect the title; and (2) those which affect only the physical condition of the property. Memmert v. McKeen, 112 Pa., 315, 4 Atl., 542. Of the latter class, not embracing this case, are the cases relied on by counsel for appellant, among them being Schwartz v. Black, 131 Tenn., 367, 174 S. W., 1146. These are cases involving physical encumbrances— drainage ditches, easements of public roads, railroads, etc., impairing the full use of the land and yet largely, if not altogether, enhancing the value of it. An apparent exception is the case of Gotthelf v. Stronahan, 138 N. Y., 345, 20 L. R. A., 455, in which it was held that certain assessments for local improvements constituted, under the charter of Brooklyn, liens on the lands from the time of their confirmation by the common council, and were, in a strict sense, encumbrances thereon, though they were not encumbrances within the meaning of the contract between a vendor and his vendee, for they did not diminish the value of the subject of the contract. But at the making of the contract the lien had not arisen. It was fixed during a period of postponement effected at the request of the purchaser. Consequently, the vendee would acquire what he intended to receive and the vendor intended to sell. But for the postponement the vendee would have taken his title before the assessment was laid. The suit was brought to enforce a contract of sale of the land. The court held that it would be inequitable and unjust to require the vendor to covenant against the assessments under such circumstances. In our opinion this case is not apposite to the case before us. Here the lien had arisen before complainant agreed to take title to the property. The great weight of authority forbids the application to such a case as this the test of diminution of value in awarding relief for breach of covenant against encumbrances. When the complainant obtained her deed she acquired the right to whatever benefit might accrue from the sidewalk and street improvement. She became entitled to this benefit if the lien for the cost did not exist. The encumbrance here is the debt, not the improvement. This was an encumbrance affecting the title, and the true measure of damages is the cost of removing the encumbrance.

We do not think that these special assessments could properly be deemed to have been included within the following clause of the deed: "Purchaser assumes the payment of the 1924 taxes on all of the foregoing property." This manifestly referred only to the usual taxes annually assessed.

For these reasons the assignments of error are overruled and the decree of the Chancellor is affirmed. A decree will be entered in this court in favor of the complainant against the defendant and the surety on his appeal bond for the sum of $332.27, with interest from the date of the decree of the Chancellor, and costs of this appeal.

Faw, P. J. and Crownover, J., concur.