*Municipal Court of the City of Boston*

No. 491877

**CITY OF BOSTON**

v.

**WILLIAM J. DuWORS**

(April 24 — April 30, 1959)

*Present:* Adlow, C.J., Gillen & Roberts, JJ.

Case tried to *Lewiton, J.*

*Adlow, C.J.* Action commenced by trustee process to recover real estate taxes assessed upon the defendant. On January 1, 1958 the defendant was the title holder of record of the property located on Pier 2-4, Northern Avenue in Boston. On September 9, 1958 the Assessors of the City of Boston by warrant bearing that date committed to the City Collector for collection the taxes assessed as of January 1, 1958. This warrant included the tax assessed to the defendant in the amount of $118,714.50. No payment was made on account of said tax. There was evidence that a bill demanding said amount was mailed to the defendant in September, 1958, but this was disputed by the defendant. It was conceded, however, that such a bill was received by him on October 10, 1958. On October 17, 1958 the defendant filed an application for the abatement of his 1958 tax.

The land on which this tax was assessed had been taken by the City of Boston for non-payment of the 1955 taxes and the City of Boston, on September 10, 1957, filed a petition to foreclose all rights of redemption under the tax lien against the former owner of the premises. On October 29, 1958, a final decree forever foreclosing and barring all rights of redemption under said tax was entered in the Land Court, and from this decree the defendant has appealed.

This action seeking payment of the 1958 taxes was brought by the City of Boston

against the defendant by a trustee writ dated September 22, 1958. In this report the defendant challenges the validity of these proceedings for the reason that

(1) No demand for payment was made upon the defendant prior to the commencement of this action.

(2) No action to collect the tax assessed to the defendant could be brought while a petition for the abatement of the tax was pending.

(3) The decree of the Land Court entered on October 29, 1958 foreclosing all rights to redeem from a tax title taken by the plaintiff in 1955 on the land in issue denies the right of the plaintiff to look to the defendant for the 1958 taxes.

(4) The action was brought prematurely.

There is no merit to any of these contentions. That the defendant has on file a petition for the abatement of the tax can in no manner estop the enforcement of this claim.

If anything, the prosecution of a petition for abatement has been made contingent by statute on the payment of at least part of the tax assessed. G. L. (Ter. Ed.) .c. 59, §§64, 65, 65B, as amended by St. 1938, c. 478; *Old Colony RR. v. Assessors of Boston,* 309 Mass. 439, 446. (See: *Boston Five Cents Sav. Bk. v. Assessors of Boston,* 313 Mass. 762, 771.)

Nor is the situation altered by the decree of the Land Court of October 29, 1958.

Until the tax title was completely adjudicated, and the fee vested in the holder of the tax title, the taxes on the property were assessable to the owner of record who was primarily answerable to the tax collector for the tax assessed. *Richardson v. Boston,* 148 Mass. 508, 510; *Saftel v. Brooks,* 254 Mass. 516, 518.

It has been urged by the defendant that the failure of the plaintiff to make a demand on him or to bill him prior to the commencement of this action is fatal to its right to sue. While it appears that there was evidence to the effect that a bill was sent to the defendant in September, receipt of which bill was denied by the defendant, it is immaterial to the issue whether such demand was made or not. The section of the statute which authorized the bringing of this action does not require a demand prior to commencing suit. G. L. (Ter. Ed.) c. 60, §35 as amended by St. 1946, c. 251, §1. Where the law requires a demand it expressly provides that:

"An omission to send a notice under this section shall not affect the validity either of a tax or a proceeding for its collection." G. L. (Ter. Ed.) c. 60, §3.

A variety of procedures were at hand to which the plaintiff could resort. It could levy the tax by distress or seizure of the defendant's goods. G. L. (Ter. Ed.) c. 60, §24. It could arrest the defendant and commit him to jail until he paid the tax. G. L. (Ter. Ed.)

c. 60, §29. It could assert its lien on the land and satisfy the claim with the proceeds of the sale of the land. G. L. (Ter. Ed.) c. 60, §37. Or it could enforce collection by bringing an action at law after the tax became due. G. L. (Ter. Ed.) c. 60, §35, as amended by St. 1946, c. 251, §1. In the cause under review the City of Boston chose to enforce its rights by bringing suit. The statutory provision pertinent to this procedure (G. L. (Ter. Ed.) c. 60, §35 as amended by St. 1946, c. 251, §1.) provides:

> "If a tax which has been committed to a collector remains unpaid after it has become due and payable, it may be recovered in an action of contract or in any other appropriate action, suit or proceeding brought by the collector either in his own name or in the name of the town against the person assessed for such tax."

On the facts, the defendant was (1) the owner of record of the property on January 1, 1958; (2) the tax assessed against the property was committed by the assessors of Boston to the City collector on September 9, 1958; (3) and no payments had been made on account of said assessment before suit was brought. Since the tax was due and payable on July 1, all the elements required by G. L. (Ter. Ed.) c. 60, §35 as amended, were present. *Richardson v. Boston,* 148 Mass. 508, 510; *Saftel v. Brooks,* 254 Mass. 516, 518.

In construing statutes dealing with the collection of taxes we must keep in mind the paramount interest of public authority in assuring a stable and sound method of pro-

viding funds for the operation of government. In promoting this interest the legislative policy has been to disregard technical objections which tend to facilitate the operations of defaulters and evaders. It was in this spirit that an omission to send a notice was declared to have no effect on a tax or a proceeding for its collection. G. L. (Ter. Ed.) c. 60, §3. Of like tenor is G. L. c. 60, §19 which provides that

> "If the assessors are of the opinion that the credit of a person taxed is doubtful or that he is about to leave the Commonwealth, they may, by a special warrant, direct the collector forthwith, without demand or notice, to compel payment by distress or imprisonment, whether the tax is payable immediately or at a future day, by installments or otherwise."

In the light of this open and clear-cut policy designed to assure the collection of taxes, it appears that the plaintiff was fully within its rights in bringing this action when it did. The action was not brought prematurely.

*Report dismissed.*

*H. F. Cicchette and William H. Kerr,* both of Boston for the plaintiff City of Boston.

*Monto Rosenthal and Lester W. Edwards,* both of Boston for the defendant taxpayer.