IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 11, 2020 Session

## JOE DAVID ERWIN ET AL. V. GREAT RIVER ROAD SUPERCROSS, LLC ET AL.

**Appeal from the Chancery Court for Dyer County**
**No. 15-CV-218       Tony A. Childress, Chancellor**

_____

### No. W2019-01005-COA-R3-CV

_____


In this dispute over the sale of real and personal property, the buyers complain that they did not receive all the personal property described in the bill of sale and that the real property was encumbered.  Their complaint asserted claims for intentional misrepresentation, breach of the covenant against encumbrances, and breach of contract. After a bench trial, the trial court awarded the buyers damages for breach of contract and intentional misrepresentation.  Both sides appealed.  We conclude that the evidence preponderates against the trial court's finding that the buyers' reliance on the misrepresentation in the warranty deed was reasonable.  In all other respects, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part and Affirmed in Part**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Matthew W. Willis, Dyersburg, Tennessee, for the appellants, Great River Road Supercross, LLC and Brian Klinkhammer.

Jason R. Creasy, Dyersburg, Tennessee, for the appellees, Joe David Erwin and Amanda Rachel Erwin.

# OPINION

## I.

### A.

Brian Klinkhammer was the sole member and chief manager of Great River Road Supercross, LLC. The LLC was administratively dissolved in 2004. Four years later, Mr. Klinkhammer orally agreed to sell a 21.61-acre property owned by the LLC, along with various improvements and equipment, to Joe and Amanda Erwin for a total purchase price of $160,000. The Erwins paid $40,000 down and signed a Real Estate Installment Note, secured by a deed of trust, for the balance of the purchase price. The note obligated the Erwins to make 10 annual payments of $12,000 to Mr. Klinkhammer. Mr. Klinkhammer, on behalf of the LLC, conveyed the real property to the Erwins by warranty deed dated July 8, 2008. In the same manner, he also signed a bill of sale for designated personal property.

The warranty deed contained a covenant that the real estate was unencumbered, which turned out to be false. A recorded deed of trust in favor of First Citizens National Bank encumbered the real property. Although Mr. Klinkhammer notified the Bank about the pending sale, he did not pay off the debt or obtain a release of the deed of trust as part of the closing.

A few months later, Mr. Klinkhammer realized that the bill of sale erroneously included a John Deere ten-foot fiber shank among the listed items of personal property. The LLC did not own the ten-foot fiber shank. The actual owner removed the item from the property approximately three months after the sale.

The first installment on the note was due in July 2009. Without Mr. Klinkhammer's approval, the Erwins deducted $2,000 from their payment to compensate for the loss of the fiber shank. Mr. Klinkhammer declared a default and instituted foreclosure proceedings.

During the foreclosure, Mr. Erwin discovered the pre-existing lien on the real property. He did not submit a bid at the March 1, 2010 foreclosure sale. Mr. Klinkhammer was the successful bidder; he purchased the property for $110,000, the balance owed on the note.

### B.

Mr. and Mrs. Erwin sued Mr. Klinkhammer, individually, and the LLC seeking compensatory damages for intentional misrepresentation, breach of the covenant against

encumbrances, and breach of contract. At the bench trial, the court heard testimony from the two principal players—Mr. Erwin and Mr. Klinkhammer.

Mr. Klinkhammer maintained that he included the fiber shank in the bill of sale by mistake. He meant to list another piece of equipment of similar value. Mr. Erwin disagreed. And he claimed that Mr. Klinkhammer had agreed to a $2,000 adjustment to the total purchase price. For his part, Mr. Klinkhammer denied ever discussing a deduction or set off with Mr. Erwin.

Mr. Klinkhammer conceded that he knew that the real estate was encumbered when he signed the warranty deed on behalf of the LLC. But he never intended to deceive the Erwins. With the Bank's permission, he continued to make timely payments on the loan after the sale. The Bank released its lien in 2012.

Still, Mr. Erwin was unaware of any encumbrances when he purchased the real property. And he remained ignorant of the true facts until he received the trustee's notice of the pending foreclosure sale. Proof at trial established that, as of July 8, 2009, the outstanding balance on the Bank loan was $21,884.06. Mr. Erwin claimed that he decided not to bid at the foreclosure sale because of the Bank debt.

The trial court ruled in favor of the Erwins on their breach of contract claim, but dismissed all other claims. The court found that the LLC did not deliver a ten-foot fiber shank as promised in the bill of sale. So the Erwins were entitled to recover $1,000 in damages for breach of contract, representing the value of the missing item. The court dismissed the intentional misrepresentation claim after finding that the Erwins had not actually relied on the misrepresentation. And while the covenant against encumbrances had been breached, the Erwins had failed to prove their damages. The court awarded judgment against Mr. Klinkhammer individually "[s]ince the LLC was dissolved on the date of the transaction and has not been reinstated."

The Erwins appealed. *See Erwin v. Great River Rd. Supercross LLC*, No. W2017-00150-COA-R3-CV, 2017 WL 4743055, at *1 (Tenn. Ct. App. Oct. 19, 2017). In the first appeal, we concluded that the evidence at trial preponderated against the trial court's reliance finding. *Id.* at *2. So we vacated the trial court's judgment and remanded this case for further proceedings. *Id.*

On remand, the trial court held a hearing limited to the issue of reliance. Mr. Erwin, the lone witness at the hearing, testified that he relied on the representation in the warranty deed that the property was unencumbered when he completed the purchase of the real property.

Once again, the trial court ruled in favor of the Erwins. This time, the court awarded $1,000 in damages for breach of contract and $21,887.06 in damages for

3

intentional misrepresentation. The court found that Mr. Erwin "relied on the unencumbered language in the deed when making the decision to purchase the real property and that reliance was reasonable." All other claims were dismissed. This judgment was also against Mr. Klinkhammer individually.

## II.

All parties raise issues on appeal. Mr. Klinkhammer and the LLC argue that the evidence preponderates against the trial court's finding that Mr. Erwin's reliance on the misrepresentation in the warranty deed was reasonable. Both sides raise issues with the damages awarded for intentional misrepresentation. The Erwins also contend that the court erred in failing to award damages for breach of the covenant against encumbrances. Finally, Mr. Klinkhammer asserts that the court erred in finding him individually liable.

Because this was a bench trial, our review is de novo on the record with a presumption that the trial court's factual findings are correct, unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d). Evidence preponderates against a finding of fact if the evidence "support[s] another finding of fact with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). Our review of the trial court's conclusions of law is de novo with no presumption of correctness. *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006).

### A.

The plaintiff seeking to recover for intentional misrepresentation must establish multiple elements. *See Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012) (outlining six elements of a successful intentional misrepresentation action). Here, we are only concerned with one of those elements, reliance. *See id.* (explaining that the plaintiff must show that "[he] did not know that the representation was false when made and was justified in relying on the truth of the representation"). And to narrow the issue further, Mr. Klinkhammer and the LLC do not question the court's finding of actual reliance. *See Pritchett v. Comas Montgomery Realty & Auction Co.*, No. M2014-00583-COA-R3-CV, 2015 WL 1777445, at *3 (Tenn. Ct. App. Apr. 15, 2015) (explaining that the reliance element involves two inquiries, "whether the plaintiff actually relied on the misrepresentation and whether that reliance was reasonable"). They contend the trial court erred in finding that Mr. Erwin's reliance was reasonable.

Reasonable reliance is a question of fact requiring consideration of a number of factors. *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 737 (Tenn. Ct. App. 1996).

> The factors include the plaintiff's sophistication and expertise in the subject matter of the representation, the type of relationship—fiduciary or

4

otherwise—between the parties, the availability of relevant information about the representation, any concealment of the misrepresentation, any opportunity to discover the misrepresentation, which party initiated the transaction, and the specificity of the misrepresentation.

*Davis v. McGuigan*, 325 S.W.3d 149, 158 (Tenn. 2010).

Based on these factors, we conclude that the evidence preponderates against a finding that Mr. Erwin's reliance on the misrepresentation in the warranty deed was reasonable. The Bank's deed of trust was recorded in 2000, placing all the world on constructive notice of an encumbrance on the real property. *See* Tenn. Code Ann. § 66-26-102 (2015); *see also Blevins v. Johnson Cty.*, 746 S.W.2d 678, 682-83 (Tenn. 1988) ("Constructive notice is notice implied or imputed by operation of law and arises as a result of the legal act of recording an instrument under a statute by which recordation has the effect of constructive notice."). This was an arm's length transaction. There was no proof that Mr. Erwin was inexperienced in real estate matters or that Mr. Klinkhammer took steps to prevent him from discovering the recorded deed of trust. The true facts were readily available through a simple search of the public record. "Generally, a party dealing on equal terms with another is not justified in relying upon representations where the means of knowledge are readily within his reach." *Solomon v. First Am. Nat'l Bank of Nashville*, 774 S.W.2d 935, 943 (Tenn. Ct. App. 1989).

The Erwins failed to prove an essential element of their claim for intentional misrepresentation, that their reliance was reasonable. *See Estate of Lambert v. Fitzgerald*, 497 S.W.3d 425, 457 (Tenn. Ct. App. 2016). So we reverse the court's award of damages for intentional misrepresentation.

B.

The Erwins contend that the trial court erred in failing to award any damages for an undisputed breach of the covenant against encumbrances. The covenant against encumbrances, if untrue, is broken as soon as it is made. *Amos v. Carson*, 210 S.W.2d 677, 679 (Tenn. 1948). This covenant provides "security against those rights to, or interests in, the land granted which may subsist in third persons to the diminution in value of the estate although consistent with the passing of the fee." *Id.* (citation omitted). In effect, the seller agrees to indemnify the buyer against any encumbrances on the property. *Id.* The grantee's actual or constructive knowledge of the encumbrance is irrelevant. *Murdock Acceptance Corp. v. Aaron*, 230 S.W.2d 401, 405 (Tenn. 1950).

The trial court concluded that the appropriate measure of damages was "the diminution in value of the estate caused by the encumbrance." Lacking any proof of diminished value, the court declined to award damages for the breach. The Erwins contend that the trial court used the wrong measure of damages. We review the trial

court's choice of the measure of damages de novo, with no presumption of correctness. *Beaty v. McGraw*, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998), *abrogated on other grounds by Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102 (Tenn. 2016).

According to the Erwins, the trial court should have ordered Mr. Klinkhammer to refund their $50,000. As support for their position, they cite the general rule that damages for breach of covenants of title "are based upon the consideration received by the grantor." *King v. Anderson*, 618 S.W.2d 478, 483 (Tenn. Ct. App. 1980). Even so, the Erwins are only entitled to recover their actual losses as a result of the breach. *See Halford v. Gunn*, No. W2006-02528-COA-R3-CV, 2007 WL 2380300, at *6 (Tenn. Ct. App. Aug. 22, 2007). The $50,000 loss was not due to the encumbrance. The Erwins lost their purchase money because they failed to comply with the terms of the note.

The proper measure of damages for breach of the covenant against encumbrances depends on the encumbrance at issue. *See generally* 21 C.J.S. *Covenants* § 87, Westlaw (database updated Sept. 2020) (differentiating between measure of damages depending on nature of the encumbrance). When the encumbrance is a lien, our courts typically award damages equal to "the cost of removing the encumbrance." *Vaughan v. Vaughan*, 6 Tenn. App. 354, 359 (1927); *see also Halford*, 2007 WL 2380300, at *6 (affirming an award of damages equal to the amount of the judgment lien). But when the encumbrance cannot be removed at the option of the parties, "the proper measure of damages is the property's diminution in value as a result of the [encumbrance.]" *See Mills v. Solomon*, 43 S.W.3d 503, 509 (Tenn. Ct. App. 2000); *see also Carlton v. Williams*, No. E2003-02996-COA-R3-CV, 2004 WL 2636709, at *6 (Tenn. Ct. App. Nov. 19, 2004); *Ellison v. F. Murray Parker Builders, Inc.*, 573 S.W.2d 161, 165 (Tenn. Ct. App. 1978).

Here, the cost of removal is not an appropriate measure of damages. The Erwins never paid to remove the encumbrance. And they lost possession of the property for reasons unrelated to the encumbrance. So their actual loss can only be measured by the diminution in value of the property as a result of the encumbrance at the time of the sale. *See Ellison*, 573 S.W.2d at 165 (holding that damages should be determined as of the date the plaintiffs purchased the property). The Erwins bore the burden of proof on damages. *See Meals ex rel. Meals v. Ford Motor Co.*, 417 S.W.3d 414, 419 (Tenn. 2013). Without proof of diminished value, the trial court did not err in failing to award damages for breach of the covenant against encumbrances.

C.

Finally, we turn to the question of Mr. Klinkhammer's personal liability. For the reasons discussed above, we reverse the trial court's award of damages for intentional misrepresentation. So we are left with the judgment against Mr. Klinkhammer for breach of contract. Mr. Klinkhammer never raised this issue in his first appeal or otherwise contested liability for breach of contract. He concedes as much in his reply brief on this

appeal.  So we deem this issue waived.  *See Hood v. Jenkins*, 432 S.W.3d 814, 823 n.9 (Tenn. 2013).

## III.

Because the evidence preponderates against a finding that Mr. Erwin's reliance on the misrepresentation in the warranty deed was reasonable, we reverse the judgment against Mr. Klinkhammer for intentional misrepresentation.  In all other respects, we affirm the trial court's decision.

_____
W. NEAL MCBRAYER, JUDGE